## RACKLIFFE BROS. COMPANY
vs.
## MAYFLOWER SALES COMPANY

Superior Court      Hartford County      File #52236

Present: Hon. NEWELL JENNINGS, Judge.

A. E. Mag,
G. H. Hamlin,           Attorneys for the Plaintiff.

Buckley, Creedon & Danaher,
Gross, Hyde & Williams,     Attorneys for the Defendant.

### MEMORANDUM FILED MARCH 17, 1936.

JENNINGS, J. The brief of the defendant indicates that its chief reliance is on grounds of demurrer 4 to 11 inclusive. These invoke the protection of the Sherman and Clayton Acts which are cognizable only in the Federal courts. **Pennsylvania-Dixie Cement Corp. vs. Lines Co., 119 Conn. 603, 607.**

While the question in that case was on a demurrer to a cross-complaint setting up a cause of action under those sta-

tutes, the same principle applies here. Furthermore, the terms of the contract complained of do not appear to me so oppressive as to justify interference. As to time, it could be cancelled by either party; as to space, it was limited to this State; as to character, the defendant was not forbidden to sell outside its territory but was obligated to pay a certain penalty for doing so. The definition of the arrangement as an "exclusive franchise" by the plaintiff seems to me accurate.

The case of **Bridgeport vs. Aetna Indemnity Company, 91 Conn. 197, 204,** disposes of the remaining grounds of demurrer to the effect that the plaintiff is entitled to relief only for loss actually sustained.

The demurrer is overruled.