DONALD G. WALKER ET AL. *v.*
PETER LOMBARDO ET AL.
(2405)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued February 2—decision released July 3, 1984

*Barry D. Guliano,* with whom, on the brief, were *Dominic J. Squatrito* and *William J. Shea,* for the appellants (defendants).

*Constantine Constantine,* for the appellees (plaintiffs).

PER CURIAM. This appeal[1] arises out of the granting of the plaintiffs' motion for summary judgment.

---

Judgment was rendered for the plaintiffs in the amount of $3800, the sum paid by the plaintiffs as a down payment on the purchase of realty owned by the defendants.

The issue on appeal, as stated by the parties, is whether the trial court erred in concluding that the plaintiffs were unable to receive a particular mortgage commitment and, as provided in a sales agreement of the parties, were therefore entitled to a return of their deposit. There is, however, a subsidiary and more basic issue. That is whether the trial court committed error by rendering summary judgment when the documents submitted by the plaintiff, as the moving party, did not demonstrate that there was no genuine issue of material fact as to other relevant issues raised by the pleadings.

The agreement of the parties was made contingent upon procurement by the plaintiffs of a written commitment for a mortgage in the amount of at least $33,200 for a term of at least thirty years at an interest rate not to exceed 12.75 percent per annum. The agreement further provided that the plaintiffs were to make application for such a loan diligently, and if there was a failure to obtain the commitment, upon written notice to the defendants, the sums paid as a deposit by the plaintiffs were to be returned to the plaintiffs.

The plaintiffs' complaint alleges that the plaintiffs "were unable to obtain said mortgage and notified defendants of said inability." The complaint does not allege that the plaintiffs gave written notification to the defendants that the mortgage commitment could not be obtained nor does it allege that the plaintiffs used diligence in the making of an application for a mortgage. The complaint does, however, allege that the parties entered into an agreement and quotes the entire mortgage contingency clause.

The issue presented to the trial court, and as stated in the briefs of both the plaintiffs and the defendants, was whether there was a genuine issue of material fact regarding the inability of the plaintiffs to obtain a mortgage commitment containing the specific terms as provided in the agreement of the parties. If this were the sole issue of the case, the trial court would have been correct in concluding that there was no genuine issue as to any material fact, and that the plaintiffs were entitled to judgment as a matter of law.[2] Practice Book § 384. The trial court, however, was not presented with any documentary evidence by any of the parties as to whether the plaintiff had diligently made an application for a mortgage commitment or whether the plaintiff had given written notice to the defendants of their inability to obtain the commitment.

On appeal, the defendants raise for the first time their claim that the plaintiffs were not entitled to summary judgment because of the lack of any documents which would show that the material facts of diligence and written notice were not in dispute. Thus, the defendants argue on appeal that there were material facts genuinely in issue which precluded the granting of summary judgment for the plaintiffs. Ordinarily, where issues are raised for the first time on appeal and were not distinctly raised before the trial court, they will not be considered. Practice Book § 3063; *McDermott* v. *New Haven Redevelopment Agency,* 184 Conn. 444, 449, 440

---

[2] The plaintiffs filed an affidavit of an assistant treasurer of a bank, stating that a mortgage had been approved for $52,000 at an interest rate of 13.75 percent for thirty years. A letter attached to the affidavit from the affiant to one of the plaintiffs stated that the interest rate would be 13.74 percent whether the mortgage sought was $52,000 or $33,200. One of the defendants filed an affidavit in opposition to the plaintiff's motion for summary judgment. None of the statements contained therein, however, put into issue the material fact that the plaintiffs were unable to obtain the requisite mortgage commitment. The defendants concede that obtaining a mortgage as described in the agreement was a condition precedent to the enforcement of the agreement.

A.2d 168 (1981). This case, however, involves a motion for summary judgment which requires the trial court to decide, on the basis of the pleadings and other documentary evidence, whether there was no genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. Practice Book § 384.

The pleadings here established the terms of the mortgage contingency clause and alerted the trial court to the failure of the plaintiff to produce any documents which would show that there was no material fact genuinely in issue as to all of the conditions for the return of their deposit.

There is no Connecticut case which is dispositive of the particular issue of this case. Summary judgment procedure in Connecticut, however, is similar to that followed in the federal courts, and reference may be had to federal authorities. *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 376, 260 A.2d 596 (1969). If a moving party's papers are insufficient to discharge his burden of showing that no material fact is genuinely in issue, the opposing party does not have to produce contravening material. 6 Moore, Federal Practice (2d Ed. 1983) § 56.15 (3). Summary judgment should be denied where the affidavits of the moving party do not affirmatively show that there is no genuine issue of fact as to all of the relevant issues of the case. *Mack* v. *Cape Elizabeth School Board,* 553 F.2d 720, 722 (1st Cir. 1977).

The plaintiffs should have submitted proof as to all of the material facts in order to allow the trial court to determine if there was any genuine issue as to them. Since they did not do so, they were not entitled to summary judgment. "If the trial court grants a motion for summary judgment in the mistaken belief that the factual predicate for that judgment is present, such action

is clearly erroneous." *Tucker* v. *Connecticut Ins. Placement Facility,* 192 Conn. 653, 662, 473 A.2d 1210 (1984).

There is error, the judgment is set aside and the case is remanded for further proceedings.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).