[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
On November 4, 1991, the plaintiff, Orix Credit Alliance, Inc. ("Orix") commenced this action against the defendants, R. Vincent Noad, d/b/a R. v. Noad Construction ("Noad d/b/a") and Cindy Noad. The plaintiff alleges that on January 11, 1990, Noad d/b/a entered into a conditional sales contract note with Orix whereby the defendant promised to pay $146,025.60 in consecutive monthly payments of $3,042.20. The plaintiff also alleges that, to secure this note, Noad d/b/a granted to Orix a security interest in a new Hitachi Hydraulic Excavation, Model #EX270LC S/N 5493. Orix claims that the defendant defaulted on his payments and, pursuant to the terms of the note, Orix took possession of and sold the excavator, applying the net proceeds of the sale to the $44,133.05 that the plaintiff owed the defendant. The plaintiff claims that Noad d/b/a owed, as of the commencement of the suit, $89,687.24, and that he has refused to make payment.
In count two of the complaint Orix claims that Cindy Noad personally guaranteed all obligations under the note and, despite demands for payment, she has refused to make payment on the balance due and owing. On February 6, 1992, the defendants filed an answer to the complaint. On February 10, 1992, the plaintiff filed a motion for summary judgment as to liability only, attaching thereto a supporting memorandum. The defendants have not filed any opposition to the motion for summary judgment.
Summary judgment is a means of eliminating the "delay and expense of CT Page 2033 litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1980). Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990) (quoting Practice Book Section 384). Additionally, the trial court, in ruling on a motion for summary judgment, must "view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell,214 Conn. 242, 246-47, 571 A.2d 116 (1990).
The plaintiff, in its memorandum in support of its motion for summary judgment, contends that the defendants have admitted the execution of the note; the grant of the security interest; that the note is in default; and that they have neglected and refused to make payment of the balance due on demand. Therefore, the plaintiff claims that summary judgment should be granted as to liability only pursuant to Practice Book Section 385 which states, in pertinent part, that summary judgment:
 [I]nterlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages. In such case the court shall order an immediate hearing before a referee, before the court, or before a jury, whichever may be proper, to determine the amount of the damages.
Practice Book 385.
The defendants, in their answer to the complaint, admitted the execution of the note and the granting of the security interest in the Hitachi excavator. Noad d/b/a also admitted paragraph seven of the first count of the complaint, which states:
 Although the note is in default and demand was made upon the defendant, said defendant has neglected and refused to make payment.
However, Noad d/b/a denied paragraph eight of count one of the complaint, which alleges:
 The defendant, R. Vincent Noad, has defaulted under the terms of the Note and, after demand, continues to be in default under the same.
Cindy Noad, essentially, admitted the allegations against her.
Summary judgment should be denied, even where the adverse party fails to respond to the movant's properly filed motion, if the "movant's [motion and affidavits] do not affirmatively show that there is no genuine issue of fact as to all the relevant issues of the case." Mattei v. Bodden,3 CSCR 341 (February 17, 1988, Burns, J.) citing Walker v. Lombardo,2 Conn. App. 266, 269, 477 A.2d 168 (1984). CT Page 2034
Defendant Noad d/b/a's answers to paragraphs seven and eight of the complaint constitute a contradiction giving rise to a question of material fact, specifically, whether or not he defaulted. Additionally, the plaintiff has not attached any supporting affidavits to its motion for summary judgment. Consequently, because a genuine issue of material fact exists as to whether Noad d/b/a did, in fact, default under the terms of the note, the motion for summary judgment is denied as to Noad d/b/a.
Although these apparent contradictions do not exist in Cindy Noad's answers, it is necessary to determine whether Noad d/b/a defaulted prior to entering judgment against Cindy Noad as guarantor. Thus, the motion for summary judgment, as it pertains to Cindy Noad is also denied.
PICKETT, JUDGE