[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON MOTION FOR SUMMARY JUDGMENT
By motion dated June 27, 1995 the defendants moved for summary judgment against the plaintiff in an action in which the plaintiff alleges that the negligent operation of defendants' truck resulted in a collision with the plaintiff's vehicle and severe injuries to the plaintiff. The defendants argue that the sole cause of the injuries complained of was the negligence of the plaintiff in losing control of its vehicle and putting it in the path of defendants' truck; and, further, that no issue of material fact exists and the defendants are entitled to a judgment as a matter of law.
In support of its motion, the defendants offer a certified copy of the police accident report which notes the icy road conditions, the speed of plaintiff's vehicle, and the condition of the brake lining and tires of plaintiff's vehicle as contributing factors to the collision. The defendants also offer the affidavit of the defendant truck driver which alleges plaintiff's loss of control of its vehicle as the cause of the collision.
Plaintiff responds claiming the existence of issues of material fact in that, in the pleadings, both sides allege the negligence of the other and deny their own, and the defendant truck driver's affidavit places his truck approximately 100 yards behind the plaintiff's vehicle about the time of the plaintiff's loss of control, arguably affording the defendant sufficient time and distance to avoid any collision with the plaintiff's vehicle.
"Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. (Citations omitted.) The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court must view the evidence in the light most favorable to the nonmoving party. (Citations omitted; internal quotation marks omitted.) CT Page 382 Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . it [is nevertheless] incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists. (Citations omitted; internal quotations marks omitted.) The mere presence of an adverse claim will not in itself defeat the motion. (Citations omitted.)" Busconi v.Dighello, 39 Conn. App. 753, 761-762 (1995). In this case the pleadings themselves do not suggest the absence of a material fact, in that each party alleges the negligence of the other. Though the moving party has submitted documentation in support of its position that the plaintiff was the sole proximate cause of the collision, the defendant driver's self-serving affidavit and a copy of the police accident report indicating the trooper's opinion as to contributing factors supporting the position of the defendants is not, under the circumstances here, conclusive as a matter of law, particularly where issues of credibility and admissibility at trial remain.
Additionally, plaintiff correctly points to the defendant driver's own affidavit as creating an issue relative to defendant's conduct in failing to avoid a collision with a vehicle which, at the time of its loss of control, was approximately a football field away from defendant's truck.
Summary judgment procedure is rarely appropriate for resolving negligence cases of this nature. "Summary judgment is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . . the conclusion of negligence is necessarily one of fact; (Citations omitted; internal quotation marks omitted.) Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner. (Citations omitted.)" Spencer v. Good Earth RestaurantCorporation, 164 Conn. 194, 198 (1972).
Finally, the defendants argue that plaintiff's objection to their motion should be overruled because plaintiff failed to file affidavits, documents or exhibits in support of its contention that the defendant driver was negligent. Though, in this case, plaintiff did not file supporting documentation, such documentation need not be produced where the moving party has CT Page 383 failed to discharge its burden of showing that no material fact is genuinely at issue. "Summary judgment should be denied when the affidavits of the moving party do not affirmatively show that there is no genuine issue of fact as to all relevant issues of the case. (Citations omitted.)" Walker v. Lombardo, 2 Conn. App. 266,269 (1984).
The motion for summary judgment is denied.
FASANO, J.