[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant files this motion for summary judgment in an action by the plaintiffs to restore them to membership in said association. Plaintiffs allege in their pleadings, inter alia,
that the by-laws under which the association acted were unenforceable because they were discriminatory as applied to them and thus unenforceable under the state non stock corporation law.
The particular by-laws involved provided that owners of non-conforming real estate were prohibited from occupying their property during the winter season and that the association was authorized to suspend those members whose conduct was prejudicial to the best interests of the association. The conduct which triggered the application of both of these by-laws was the occupation by plaintiffs of their property during the prohibited season. Plaintiffs claim in their pleadings that the discriminatory action arises from the fact that only cabin owners CT Page 5316-V and not all owners of non-conforming property have been singled out for suspension. The defendant argues that despite the language of the by-law article referring to "property owners" as distinguished from "cabin owners" the by-law was intended to apply only to "cabin owners." Moreover, the by-law has been historically applied to all "cabin owners" alike. Because of this the by-law and the association's action pursuant to it, as a matter of law, was not arbitrary or applied discriminatorily. In the alternative, defendant argues that the suspension was justified by its action under the catchall provision of the by-laws, Art V, sec 7 as that provision has been upheld by many jurisdictions as a proper exercise of authority. Finally, defendant argues that plaintiffs have attached no materials to their brief in opposition to support their bare claim of the existence of a genuine issue of material fact which precludes the granting of defendant's motion. The court disagrees.
A motion for summary judgment must be granted if thepleadings, affidavits and any other proof submitted shows there to be no genuine issue as to any material fact and the moving party, is entitled to judgment as a matter of law. P.B. sec 384;Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984). Furthermore, the moving party has the burden of demonstrating the absence of any genuine issue of material fact. D.H.R.Construction Co. v. Donnely, 180 Conn. 430, 434 (1980);Mingachos v. CBS, Inc., 196 Conn. 91, 111 (1985). If the moving party fails in this regard, then the opposing party need no produce any contravening material. Walker v. Lombardo, 2 Conn. App. 266,269 (1984). Moreover, if the moving party fails to address any factual issues contested in the pleadings, those factual issues remain unresolved and thereby prevent the granting of a summary judgment. Consequently, the failure of the moving party to address each and every genuine issue of material fact contested in the pleadings is fatal to the motion for summary judgment. Mingachos, supra; Fogerty v. Rashaw, 193 Conn. 442, 445
(1984); Plouffe v. New York, N.N. N.R. Co., 160 Conn. 482, 488
(1971).
It is clear from all of the pleadings in this case that the issue of whether Art V, sec 3 of the association's by-laws was applied in a discriminatory fashion is a highly contested issue of fact and law. Whether, in view of the language of Art V, sec 3, cabin owners only or all owners of non-conforming lots are subject to the provisions of this by-law may depend on the historical application of its provisions which issue the CT Page 5316-W defendant has adroitly avoided. Another material issue of fact is the intent of the contracting parties if, as defendant argues, contract law is the basis for the resolution of this dispute. In any event, these matters require a factual inquiry and the case is therefore not appropriate for disposal by way of summary judgment. P.B. 384. Furthermore, because resolution of the defendant's alternative claim is dependent on the enforceability of Art V, sec. 3 which in turn is the predicate for the action taken by the association under Art V, sec 7, it too is also subject to the same defect.
Accordingly, for all of the foregoing reasons, defendant's motion for summary judgment is here by DENIED.
BY THE COURT,
MELVILLE, J.