[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: SUMMARY JUDGMENT
The plaintiff, Kathryn Peach, commenced this action on March 8, 1993, by filing a summons and complaint against Jamestowne Properties, Inc. (the defendant), Mont Management, Inc. and Schooner Cove Condominium Association, Inc. Against the defendant, the plaintiff alleges three counts: negligence, breach of lease and violation of General Statutes § 47a-7, and breach of implied warranty of habitability, respectively. The defendant filed an answer, counterclaim and the three special defenses of payment, res judicata and lack of subject matter jurisdiction. The defendant's counterclaim alleges breach of lease against the plaintiff.
The plaintiff and the defendant entered into a one-year lease, commencing August 28, 1991, for the rental of condominium unit 109, located at 105 Harbor Road, Stamford, Connecticut. In October, 1991, a crack in a pool water supply pipe caused flooding in the crawl space below the plaintiff's unit. The standing water created a foul odor, excessive humidity, mold and mildew. The plaintiff alleges that these conditions caused her personal injuries and that she incurred damages for medical expenses, lost wages and additional housing expenses for her relocation to a hotel during December, 1991. The plaintiff stopped payment on her $700 December rent check, but continued to reside in the unit until the lease expired. The defendant retained a portion of the plaintiff's security deposit to cover the December rent and expenses for cleaning and repairs.
On November 26, 1992, the plaintiff brought a small claims action against the defendant for the return of her rental security deposit, demanding a total of $2000 in damages. The defendant counterclaimed, alleging that the plaintiff had breached her lease and seeking damages for the one month's rent with interest. The matter was heard by Magistrate Ertman, who awarded the plaintiff $1,279.90, but did not render a written decision.
The defendant subsequently moved for summary judgment in the present action, arguing that res judicata should apply to the small claims judgment because the plaintiff either litigated or could have litigated her claim in the earlier action. In her objection to the defendant's motion, the plaintiff argued that the small claims action had addressed only the security deposit issue. The plaintiff also stated that the magistrate had refused to hear medical evidence, on the basis that the plaintiff could raise that issue in a later tort suit.
On June 24, 1996, the plaintiff filed this motion for summary judgment, as to liability only, with supporting affidavits. In the memorandum in support of her motion, the plaintiff argues that the defendant should be collaterally estopped from raising the issues of breach of duty, breach of lease and breach of CT Page 9054 warranty of habitability because those issues were actually litigated and necessarily decided by the small claims magistrate. The plaintiff also moves for summary judgment on the defendant's special defenses of res judicata and lack of subject matter jurisdiction, contending that both defenses are "legally incorrect." The defendant, in its objection to the plaintiff's motion, argues again that the small claims action should be given res judicata effect against the plaintiff. The defendant also maintains that it was not in possession or control of the crawl space in question during the time the space was flooded.
On October 16, 1996, the court, (D'Andrea, J.) rendered a decision denying the defendant's motion for summary judgment, leaving before the court only the plaintiff's motion for summary judgment.
Summary judgment shall be rendered "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384;Doty v. Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .'" Doty v. Mucci, supra, 238 Conn. 805, quotingMiller v. United Technologies Corp., 233 Conn. 732, 745,660 A.2d 810 (1995). "`The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . .'"Morascini v. Commissioner of Public Safety, 236 Conn. 781,808-09, 675 A.2d 1340 (1996), quoting Miller v. UnitedTechnologies Corp., supra, 233 Conn. 751-52. `[T]he party opposing [a] motion [for summary judgment] must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.'" Doty v. Mucci, supra, 238 Conn. 805-06, quoting Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994). "Because . . . collateral estoppel . . . may be dispositive of a claim, summary judgment [is] the appropriate method. . . ." Jackson v. R. G. Whipple, Inc., 225 Conn. 705,712, 627 A.2d 374 (1993).
"Claim preclusion, sometimes referred to as res judicata, and issue preclusion, sometimes referred to as collateral estoppel, are first cousins. Both legal doctrines promote judicial economy by preventing relitigation of issues or claims previously resolved." (Internal quotation marks omitted.) Delahunty v.CT Page 9055Massachusetts Mutual Life Ins. Co., 236 Conn. 582, 589,674 A.2d 1290 (1996). "The general rule of issue preclusion is that `[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" Labbe v. Hartford Pension Commission,239 Conn. 168, 682 A.2d 490 (1996), quoting 1 Restatement (Second), Judgments § 27 (1982). A decision of a small claims court is final. Lockwood v. Professional Wheelchair Transportation, Inc.,37 Conn. App. 85, 654 A.2d 1252 (1995); Practice Book § 581.
The plaintiff argues that the small claims judgment in her favor necessarily decided the issues of whether the defendant breached the warranty of habitability, the covenant of quiet enjoyment and General Statutes § 47a-7, because the magistrate "refus[ed] to allow the [d]efendant to claim a setoff against the security deposit for rent due in December." The plaintiff also provides affidavits signed by herself and Gregory Ladestro, her attorney in the small claims matter, stating that the small claims court determined that the plaintiff was harmed by the defendant's failure to act, that the defendant breached the warranty of habitability and that the plaintiff was not liable for one month's unpaid rent. Neither affidavit mentions breach of covenant of quiet enjoyment or General Statutes § 47a-7, and both affidavits state that "[t]he small claims court was aware that there was a separate tort action contemplated by the parties, and expressly did not decide the tort action."
The plaintiff's arguments here contradict the arguments she made in her objection to the defendant's motion for summary judgment. In the brief attached to that objection, the plaintiff stated that the sole claim of the small claims action was the defendant's "refusal to return security deposit," and also noted that "[t]he factual underpinnings of the tort claims which form the present action are separate and distinct from the claim for a return of the security deposit which was litigated in the small claims action." Paradoxically, the plaintiff used the same affidavits in support of her objection as she uses in support of her motion for summary judgment.
A copy of the small claims complaint states that the plaintiff "claims you owe $2000 plus costs for the following reasons: refusal to return security deposit for a condominium rental . . . [d]eposit monies unfairly retained by Thomas R. CT Page 9056 Schiller, Jamestowne Properties, Inc., to pay for his landlord responsibilities. . . ." Jamestowne's Exhibit A, Brief in Opposition to the Plaintiff's Motion for Summary Judgment. The small claims magistrate, while rendering judgment for the plaintiff, did not articulate his reasoning in a written opinion. Because no such clarification of Magistrate Ertman's decision exists, and because the plaintiff offers conflicting accounts of what was actually litigated in the small claims action, there is a genuine issue of material fact. "To assert successfully the doctrine of issue preclusion, . . . a party must establish that the issue sought to be foreclosed actually was litigated and determined in the prior action between the parties." Delahunty v. Massachusetts MutualLife Ins. Co., supra, 236 Conn. 600-01. The plaintiff has failed to establish which issues were actually litigated in the earlier action. As such, the plaintiff has failed to meet her burden of proof on both the collateral estoppel argument and the summary judgment motion as to the complaint and counterclaim, and she has not shown "that it is quite clear what the truth is." Morasciniv. Commissioner of Public Safety, supra, 236 Conn. 808-09; Practice Book § 384.
"If a moving party's papers are insufficient to discharge [her] burden of showing that no material fact is genuinely in issue, the opposing party does not have to produce contravening material." Walker v. Lombardo, 2 Conn. App. 266, 269,477 A.2d 168 (1984). Thus, the defendant's contravening papers here are not necessary to the disposition of this motion. Nevertheless, it should be noted that the defendant's arguments in its objection to this motion, that the plaintiff either did or could have litigated this action in the earlier proceeding, have been rendered moot by the court's earlier denial of the defendant's motion for summary judgment.
"A motion for summary judgment should be denied unless the evidence is such that no room for disbelief could exist in the minds of the jury." Since the plaintiff herself has raised an issue of material fact, her motion for summary judgment as to liability on the complaint and counterclaim is denied.
The plaintiff has also moved for summary judgment on two of the defendant's special defenses, on the grounds that they are "legally incorrect." However, Practice Book § 379, which describes the scope of summary judgment procedure, does not mention special defenses. Accordingly, most Superior Court judges who have specifically addressed this issue have ruled that a CT Page 9057 motion for summary judgment as to a special defense is improper.[1] Instead, "a special defense that is insufficient or invalid on its face may be eliminated by way of a motion to strike pursuant to Practice Book § 152. . . ." Ney v. Brandi,
Superior Court, judicial district of New Haven at New Haven, Docket No. 368932 (September 27, 1995, Hodgson, J.). Accordingly, the plaintiff's motion for summary judgment as to the defendant's second and third special defenses is denied.
D'ANDREA, J.