[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I Introduction and Factual Background
On August 11, 1997, the plaintiff, People's Bank, filed four foreclosure actions[1] against the defendants John Portal, a/k/a John C. Portal and Josephine Portal resulting from the alleged default on the repayment of four secured loans.
On June 17, 1998, the plaintiff filed four motions for CT Page 13886 summary judgment[2] on the grounds that the combination of the defendants' admissions and the plaintiff's three affidavits establish the nonexistence of any material facts in dispute. In objecting to the motion, the defendants claim that two of the three affidavits relied upon by the plaintiff contain inadmissible hearsay and may not be a basis for granting the summary judgment motion.
 II DISCUSSION I. STANDARDS FOR SUMMARY JUDGMENT
"The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Citations omitted.) State v. Goggin, 208 Conn. 606, 615, 546 A.2d 250
(1988); Walker v. Lombardo, 2 Conn. App. 266, 269, 477 A.2d 168
(1984). Meeting that burden requires that the moving party, or plaintiff in this case, submit evidence in support of his claims including but not limited to affidavits, certified transcripts, disclosures and written admissions. Practice Book § 17-45
(formerly § 380). "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Home Insurance Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202-03, 663 A.2d 1001 (1995). When affidavits are relied upon, they "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto." Practice Book § 17-46 (formerly § 381).
In deciding the motion for summary judgment, "the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 781, 595 A.2d 334 (1991); EvansProducts v. Clinton Building Supply, Inc., 174 Conn. 512, 516,391 A.2d 157 (1978). If there is "any real doubt as to the existence of any genuine issue of material fact," the granting of summary judgment is inappropriate. D.H.R. Construction Co. v.Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980); Dougherty v.CT Page 13887Graham, 161 Conn. 248, 250, 287 A.2d 382 (1971).
The party opposing summary judgment "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Emphasis added.) Maffucci v.Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15
(1998); Home Insurance Co. v. Aetna Life Casualty Co., supra,235 Conn. 202. "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts in accordance with Practice Book §§ 17-45 and 17-46, (formerly §§ 380 and 381), which contradict those stated in the movant's affidavits and documents and show that there is a genuine issue for trial. If he does not so respond, summary judgment shall be entered against him." (Citations omitted.) Inwood CondominiumAssn. v. Harold Winer, 49 Conn. App. 694, 697, ___ A.2d ___ (1998). Only "[i]f a moving party's papers are insufficient to discharge his burden of showing that no material fact is genuinely in issue, the opposing party does not have to produce contravening material." (Emphasis added.) Walker v. Lombardo, supra,2 Conn. App. 269.
 II. PLAINTIFF'S AFFIDAVITS
In support of its motion for summary judgment, the plaintiff has submitted three affidavits, two of which were supplied by Pasquale J. Guliano, an Assistant Vice President of People's Bank.[3]
Practice Book, § 17-46 requires that affidavits submitted in support of summary judgment motions must be made "with personal knowledge," shall only contain information "as would be admissible in evidence" and "shall show affirmatively that the affiant is competent to testify to the matters therein stated." "While there is some authority for the proposition that a corporate officer presumptively has personal knowledge of the matters stated in an affidavit made on behalf of the corporation, the better rule is that . . . in summary judgment proceedings, affidavits made by corporate officers and other parties, must aver or affirmatively show personal knowledge of the matters CT Page 13888 stated therein." Evans Products Co. v. Clinton Building Supply,Inc., supra, 174 Conn. 515; see also Associates FinancialServices of America, Inc. v. Sorenson, 46 Conn. App. 721, 732-33,700 A.2d 107, cert. granted, 243 Conn. 944, 704 A.2d 748 (1997).
Guliano's first affidavit, the January, 1998, affidavit, satisfies the personal knowledge requirement of Practice Book § 17-46 as he states: "I am an Assistant Vice President of People's Bank (People's) and the officer responsible for handling the loan at issue in this case (the "Portal Loan")." (Pasquale Affidavit, ¶ 2). He further explains that due to his work in the capacity as a Foreclosure Manager and Director of Loss Mitigation he has access to books and records of People's. (Pasquale Affidavit, ¶ 3). He concludes by stating that based upon his review of the relevant documents he makes the following averments concerning the Portal debt. (Pasquale Affidavit, ¶ 3). While Guliano does not specifically aver that he has "personal knowledge," such magic words are not necessary to establish that he does have personal knowledge. Reliance upon those words and those words alone would be elevating form over substance.[4] As Giuliano is the officer responsible for handling these loans as well as the Foreclosure Manager and Director of Loss Mitigation and has reviewed People's records and books concerning these loans, he clearly has personal knowledge of these matters.[5]
The defendants maintain that the information provided by Guliano is hearsay. Hearsay is, of course, an out of court statement offered into evidence to establish the truth of the matter asserted. See C. Tait J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 11.1.1, p. 469. Hearsay, absent an exception, is no more admissible in an affidavit for summary judgment than it is in a court room. Home Ins. Co. v. Aetna Life CasualtyCo., supra, 235 Conn. 202-03. If Guliano had lacked personal knowledge his statements would have been hearsay. See New EnglandSavings Bank v. Bedford Realty Corp. , 246 Conn. 594, 599-603,___ A.2d ___ (1998). In such a situation he would have been required to submit copies of the bank records pursuant to General Statutes § 52-180, the statutory business records exception to the hearsay rule.[6] This is not the case however.
The Affidavit of Debt supplied by Guliano also satisfies the personal knowledge requirement of Practice Book § 17-46. In paragraph one of the Affidavit of Debt, Guliano states: "I am Assistant Vice President of People's Bank, Bridgeport, and make CT Page 13889 this Affidavit of Debt upon personal knowledge in support of the Plaintiff's Motion for Judgment." Here Guliano provides the court with the averment that he, as the affiant, has proper first hand knowledge of the information contained within the Affidavit of Debt. Associates Financial Services of America, Inc. v. Sorenson,supra, 46 Conn. App. 731; New Haven Tobacco Co. v. O'Brien,37 Conn. Sup. 815, 819, 438 A.2d 440 (1981).
The plaintiff has satisfied its burden of showing that there is no genuine issue of material fact in dispute. The defendant, has not produced evidence in opposition to the summary judgment motion. Merely asserting that the plaintiff is wrong is insufficient to meet the defendant's burden. Maffucci v. RoyalPark Ltd. Partnership, supra, 243 Conn. 554-55.
 III CONCLUSION
Inasmuch as the plaintiff's evidence is sufficient to establish that there are no genuine issues of material fact in dispute as to the existence of and the amount of the debt, the plaintiff is entitled to summary judgment.
Berger, J.