[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The accidental failure of suit statute, General Statutes § 52-592(a), affords a plaintiff a one year window of opportunity to "commence a new action . . . for the same cause" if a prior action "has failed one or more times to be tried on its merits . . . for any matter of form." In Ruddock v. Burrowes,243 Conn. 569, 706 A.2d 967 (1998), the Supreme Court held that disciplinary dismissals under Practice Book § 14-3 (formerly § 251) are not excluded from the relief afforded by this statute if the plaintiff's noncompliance with a court order arose from mistake, inadvertence or excusable neglect. In the present case, which arises on cross motions for summary judgment, the court must decide whether the failure of plaintiff and plaintiff's counsel to attend a pretrial conference, which resulted in the dismissal of the case, and the failure promptly to file a motion to open constitutes the type of excusable neglect that would fall within § 52-592(a). For the reasons stated below, the court finds that the circumstances do not establish excusable neglect. The court therefore grants the defendant's motion for summary judgment and denies the plaintiff's motion for summary judgment.
BACKGROUND
CT Page 4892
Based on a review of the file and the exhibits attached to the cross motions, the court finds the following undisputed facts.[1] On August 5, 1994, the plaintiff served the defendant with a suit alleging that, on August 7, 1992, the defendant's car had negligently struck the plaintiff while he was riding a bicycle. On December 13, 1995, the case was dismissed pursuant to Practice Book § 251(now § 14-3) for lack of diligence by the plaintiff. On April 5, 1996, almost four months after the dismissal, the plaintiff filed a motion to open, alleging that the plaintiff erroneously believed that the pleadings were closed. The late Judge Richard Stanley granted this motion on May 6, 1996.
On May 2, 1997, Judge Stanley entered a second dismissal under § 251 for failure of the plaintiff and his counsel to appear at a pretrial conference scheduled for that day. Notice of the dismissal went out on that day. The plaintiff and counsel failed to appear because plaintiff's counsel had begun what he thought would be a short divorce trial in New Haven on May 1, 1997, the trial unexpectedly became fully contested and lasted until May 20, 1997, and plaintiff's counsel, who is a sole practitioner, became so absorbed in the trial and other pending matters that he simply forgot about the May 2 pretrial.
On May 2, 1997, the plaintiff was aware that a trial in the original case had been scheduled for June 3, 1997. On August 28, 1997, almost four months after the second dismissal, the plaintiff moved to set aside or open the judgment. The defendant filed an objection on September 15, 1997. On October 6, 1997, Judge Stanley summarily denied the motion. The plaintiff moved to reargue the motion on October 17, 1997, but Judge Stanley denied the motion to reargue on November 6, 1997. The plaintiff did not appeal.
On April 25, 1998, the plaintiff effected service on the defendant of the present case, which makes similar allegations of negligence against the defendant. In an answer filed on February 25, 1999, the defendant raised the special defense of statute of limitations. The defendant moves for summary judgment based on that defense. The plaintiff filed a reply on March 4, 1999, alleging that the suit is timely under the accidental failure of suit statute. On those grounds, the plaintiff has filed a combined opposition to the defendant's motion for summary judgment and cross motion for summary judgment on the statute of CT Page 4893 limitations special defense. The defendant did not reply to the plaintiff's summary judgment motion.
DISCUSSION
Summary judgment is appropriate if "the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book §17-44. In this case, there are no genuine issues as to material facts and so the court can address the question of which party is entitled to judgment as a matter of law.
The defendant initially argues that he is entitled to judgment because the second complaint does not specifically allege the accidental failure of suit statute. There is no merit to this argument. Under our practice, the statute of limitations is a special defense. Practice Book § 10-50. The plaintiff need not respond to it until the defendant raises it. See RossRealty Corp. v. Surkis, 163 Conn. 388, 392 (1972). In the present case, once the defendant raised the statute of limitations as a special defense, the plaintiff properly replied based on the accidental failure of suit statute. The plaintiff was not obliged to plead this ground sooner.
The dispositive issue is whether the accidental failure of suit statute, having been properly raised, applies to the facts of this case.[2] Analysis begins with an examination ofRuddock. The procedural history of that case is similar to the present one. In Ruddock the plaintiffs' attorney had failed to attend a pretrial conference because of a car accident. The trial judge entered a disciplinary dismissal under § 251 and later denied a motion for reconsideration. The plaintiffs filed a second action under the accidental failure of suit statute. A second trial judge then granted the defendant's summary judgment motion on the ground that the original dismissal for disciplinary reasons precluded use of the accidental failure of suit statute.Ruddock v. Burrowes, supra, 243 Conn. 571-72.
The plaintiffs appealed first to the Appellate Court, which affirmed, and then to the Supreme Court. The Supreme Court reversed and remanded for further proceedings. The court held that a disciplinary dismissal may, depending on the circumstances, constitute a "matter of form" that falls within § 52-592(a) in the sense that "the plaintiff's noncompliance CT Page 4894 with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect." Ruddock v. Burrowes, supra,243 Conn. 577. Nevertheless, if the attorney's misconduct is "egregious," or there is "conduct other than mistake, inadvertence or excusable neglect," then a disciplinary dismissal might not qualify for relief under a § 52-592(a). Ruddock v.Burrowes, supra, 576-77. As examples of conduct that would not qualify for relief; the court cited situations in which an attorney "repeatedly, and without credible excuse, delayed scheduled court proceedings," or was responsible for "[n]onappearances that interfere with proper judicial management of cases, and cause serious inconvenience to the court and to opposing parties." Id., 576 n. 12. The court remanded in the case before it because there were unresolved factual issues raised in the plaintiffs' counter affidavit that bore on whether they were entitled to relief based on these standards. Id., 573, 577. The court added that these standards "do not compel denial of relief under § 52-592(a) to the plaintiffs in the present case if they can prove the circumstances of the dismissal of their case to be as alleged." Id., 577.
This court must now apply the standards in Ruddock to the case at bar. If the only incident were the plaintiff's failure to attend the pretrial conference, this court would follow the suggestion in Ruddock that the circumstances "do not compel the denial of relief." Id. It is true that the plaintiffs' failure to attend a pretrial conference in Ruddock because of a car accident is more inadvertent than the failure here of plaintiff's attorney to remember the scheduling of the pretrial conference. But the court can understand how a busy sole practitioner engrossed in a trial in another location can have a lapse in memory and miss a court appearance by mistake. It is undisputed that the plaintiff's attorney has apologized to the court and to opposing counsel for the resulting inconvenience. Viewing the circumstances in isolation, the court would find the failure to attend the pretrial conference a matter of excusable neglect and thus within the scope of § 52-592(a).
The accidental failure of suit statute, however, applies when a case has failed "one or more times" to be tried on its merits. General Statutes § 52-592(a). It thus invites inquiry into all the circumstances affecting the failure of the case. The original case failed to reach the merits not only because of the disciplinary dismissal on May 2, 1997, but also because of the denial of the motion to open on October 6, 1997. Thus, this court CT Page 4895 must examine the circumstances surrounding the denial of this motion.[3]
The rule governing setting aside or opening disciplinary dismissals and other civil judgments is Practice Book § 17-4(formerly § 326). See Pump Services Corp. v. Roberts,19 Conn. App. 213, 216, 561 A.2d 464 (1989). The rule provides simply that, except as otherwise provided, "any civil judgment or decree may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent." Practice Book § 17-4. Although the rule does not explicitly state the standard that governs its application, the Supreme Court has held that the rule "vests discretion in the trial court to determine whether there is a good and compelling reason for [the judgment's] modification or vacation." Hirtle v. Hirtle, 217 Conn. 394, 398, 586 A.2d 578
(1991). Thus, in the present case, although Judge Stanley did not issue a written decision in denying the motion to open, it is fair to say that he did not find "a good and compelling reason" to grant it. Id.
This court agrees with Judge Stanley, principally because the plaintiff waited until virtually the end of the four month period to file the motion to open. As stated, it was excusable neglect for the plaintiff to miss the May 2 pretrial conference. But the plaintiff or his counsel learned of this mistake almost immediately after it occurred.[4] Under these circumstances, it was inexcusable for the plaintiff to wait until August 28, 1997 to file the motion to open.
This point finds support in several additional factors. First, the plaintiff had already delayed this case by waiting until the end of the two year limitations period to file it. See General Statutes § 52-584. Then, the plaintiff waited until the end of the four month period to file the first motion to open. By the time of the October, 1997 hearing on the second motion to open, over five years had elapsed since the date of the alleged automobile accident.[5] Second, the plaintiff's knowledge on or before May 2 that this case was scheduled for trial on June 3, 1997 should have given him a heightened awareness of the importance of filing a prompt motion to open. By waiting almost three months after the trial date to file the motion to open, the plaintiff displayed a callous disregard for the time and expense of the defendant in trial preparation and his legitimate interest in a timely resolution of the case. This CT Page 4896 case, then, is one in which the plaintiff's repeated delays "interfere[d] with proper judicial management of cases, and cause[d] serious inconvenience to the court and to opposing parties." Ruddock v. Burrowes, supra, 243 Conn. 576 n. 12.
It is true that the accidental failure of suit statute is remedial in nature and therefore warrants a broad construction. Id., 575. But § 52-592(a) "should not be construed so liberally as to render statutes of limitation virtually meaningless." Pintavalle v. Valkanos, 216 Conn. 412, 417,581 A.2d 1050 (1990). To allow the plaintiff to bring suit in April, 1998 against the defendant concerning an incident that occurred over five years and eight months earlier, especially under the circumstances presented here, would in fact render meaningless the applicable two year statute of limitations.
 CONCLUSION
For the foregoing reasons, the defendant's motion for summary judgment is granted. Although the defendant did not respond to the plaintiff's cross motion for summary judgment, that omission does not require the court to grant the plaintiff's motion. SeeWalker v. Lombardo, 2 Conn. App. 266, 269, 477 A.2d 168 (1984). On the contrary, the granting of the defendant's motion for judgement, which was filed first, renders the plaintiff's motion moot. In addition, the court has determined that the plaintiff is not entitled to the benefit of § 52-592(a), which is the sole issue raised in the plaintiff's motion. For these reasons, the plaintiff's motion for summary judgment is denied.
It is so ordered.
CARL J. SCHUMAN JUDGE, SUPERIOR COURT