[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT (#144)
In this civil action, the first-party plaintiff Rocco Guerrera ("Guerrera") alleged that he was injured on February 27, 1996 when he fell while descending a ladder, fabricated and installed by the defendant Tomlinson-Hawley-Patterson, Inc. ("Tomlinson"), at a job site at the Yale Law Annex.[1] Guerrera's employer, Ultimate Concrete Co., Inc. ("Ultimate"), intervened as plaintiff to seek reimbursement for amounts it had paid and may become obligated to pay Guerrera under the Workers' Compensation Act. Thereafter, Tomlinson moved, as a third-party plaintiff, to implead Ultimate as a third-party defendant. In its revised third-party complaint against Ultimate, dated September 14, 1998 and filed on September 22, 1998, Tomlinson seeks indemnification from Ultimate on various theories based on a claim that it had certain agreements with Ultimate. CT Page 9611
Ultimate has moved for summary judgment on all counts of the revised third-party complaint claiming that (1) Tomlinson's claims are barred by the exclusivity provision of the Workers' Compensation Act, General Statutes § 31-284(a), and (2) there is no independent legal duty owed by it to Tomlinson which would support an indemnification claim. In response, Tomlinson maintains that the court cannot decide Ultimate's motion as a matter of law because the nature of the relationship between Ultimate and Tomlinson requires the resolution of factual issues more appropriately left to the trier of fact at trial. The court agrees with Tomlinson.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105-106, 639 A.2d 507 (1994). "[T]he burden of showing the nonexistence of any material fact is on the party seeking summary judgment. . . . It is not enough for the moving party merely to assert the absence of any disputed factual issue; the moving party is required to bring forward . . . evidentiary facts, or substantial evidence outside the pleadings to show the absence of any material dispute. Correspondingly, the party opposing summary judgment must substantiate its adverse claim by showing there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal citations omitted; internal quotation marks omitted.) Doty v. Shawmut Bank, 58 Conn. App. 427, 430, 755 A.2d 219
(2000). "Summary judgment should be denied where the affidavits of the moving party do not affirmatively show that there is no genuine issue of fact as to all of the relevant issues of the case." Walker v. Lombardo,2 Conn. App. 266, 269, 477 A.2d 168 (1984).
As a preliminary matter, the court must determine what issues of material fact are raised by Tomlinson in its complaint against Ultimate. The court is "obliged to accept as true all well pleaded facts. . . ."Suarez v. Dickmont Plastics Corp., supra, 229 Conn. 110. All four counts of Tomlinson's third"party complaint allege, in their fourth paragraph, that on or before March 15, 1996, Tomlinson "had entered into a written agreement with . . . Ultimate . . ." Thus, a common issue of fact as to all the counts is whether there was a written agreement between Tomlinson and Ultimate. In support of its motion, Ultimate asserts through the affidavit of Angelo Albini, its owner, that there was no written contract or agreement between it and Tomlinson on "the date of this project."[2]
CT Page 9612 However, in its answer to the revised amended complaint, dated October 15, 1998 and filed on October 16, 1998, Ultimate admitted that "on or before March 15, 1996, the third party plaintiff and third party defendant entered into a written agreement."
Thus, Ultimate itself has created a genuine issue of material fact regarding whether the parties had a written agreement by its more recent assertion that there was none. On this basis, alone, the motion for summary judgment should be denied. Whether parties have undertaken a contractual commitment and the nature of its terms are generally questions of fact. See Presidential Capital Corp. v. Reale, 231 Conn. 500,507, 652 A.2d 489 (1994); Sandella v. Dick Corp., 53 Conn. App. 213,219, 729 A.2d 813, cert. denied, 249 Conn. 926, 733 A.2d 849 (1999). If Tomlinson can establish, as alleged, that the parties had a written agreement, and the nature and terms of that agreement, that could provide the independent basis for liability required to defeat the exclusivity provision of the Workers' Compensation Act. See Durniak v. August Winter Sons, Inc., 222 Conn. 775, 782, n. 5, 610 A.2d 1277 (1992); Ferryman v.Groton, 212 Conn. 138, 144-45, 561 A.2d 432 (1989). Further, Tomlinson, having submitted an evidential basis, argues that even if there were no express agreement for indemnification there was an implied agreement, based on language contained on the back of Tomlinson's purchase order form and the long-standing practice of these parties to create the purchase order, incorporating the terms of their agreement, after the work was completed. Such an implied promise of indemnity could also defeat the exclusivity provision. Id., 212 Conn. 145.
There are other genuine issues of material fact. In the first count of its third-party complaint, Tomlinson alleges Ultimate breached its agreement with it by failing to provide a safe workplace; in the second count, Tomlinson alleges Ultimate breached its agreement with it by negligently supervising its employees and negligently complying with statutory safety measures; and in the fourth count, Tomlinson alleges Ultimate breached its agreement by failing to furnish employees knowledgeable in statutory safety procedures and able to recognize the need to secure a ladder properly. Thus, the terms of any agreement between Ultimate and Tomlinson and Ultimate's performance of that agreement are at issue here. See Harvey v. Boehringer Ingelheim Corp.,52 Conn. App. 1, 11, 724 A.2d 1143 (1999). Although Ultimate has submitted affidavits from its employees in which they aver that they did not move the ladder that Guerrera was using when he fell, Ultimate has not submitted evidentiary facts or substantial evidence outside the pleadings to show the absence of a material dispute regarding the allegations of the first, second count and fourth count.
In the third count, Tomlinson alleges that Ultimate was primarily CT Page 9613 negligent and has pled the elements required for indemnification, including the requisite independent legal duty. See Skuzinski v. BouchardFuels, Inc., 240 Conn. 694, 698-702, 694 A.2d 788 (1997). Nonetheless, Ultimate argues that there is no genuine issue of material fact that it was not in exclusive control of the situation which gave rise to Guerrera's fall. It is a rare case in which the question of exclusive control can be decided as a matter of law. Id., 240 Conn. 705. This is not such a case. Ultimate's evidence that other workers were present at the site and that the ladder may have been moved does not address who "had the power or authority to manage, superintend, direct or oversee,"Panaroni v. Johnson, 158 Conn. 92, 98, 256 A.2d 246 (1969), the conditions which gave rise to Guerrera's accident. The question of whether Ultimate was in exclusive control, as well as the question of whether it was primarily negligent, should be determined by the trier of fact. Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573-74, 452 A.2d 117
(1982).
Accordingly, having concluded that there are genuine issues of material fact, Ultimate is not entitled to judgment as a matter of law. The motion for summary judgment is denied.
LINDA K. LAGER, JUDGE