MATTHEW DOTY *v.* SHAWMUT BANK ET AL.
(AC 19179)

Mihalakos, Pellegrino and Daly, Js.

Argued April 5—officially released June 27, 2000

*George J. Markley,* with whom was *Christine D. Brown,* for the appellant (plaintiff).

*J. Kevin Golger,* for the appellee (named defendant).

*Opinion*

DALY, J. In this personal injury action, the plaintiff, Matthew Doty, appeals from the judgment of the trial court rendered following the granting of the motion for summary judgment filed by the named defendant, Shawmut Bank (Shawmut), the predecessor in interest to the mortgagee of premises where the plaintiff slipped and fell. On appeal, the plaintiff claims that the court improperly determined that no genuine issue of material fact existed as to the ownership, possession or control of the premises by Shawmut's predecessor in interest, Gateway Bank (Gateway), after a judgment of strict foreclosure had entered in favor of Gateway but before the mortgagor's law day had expired. We agree and reverse the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On September 13, 1993, the plaintiff, an employee of Allstate Insurance Company, slipped and fell in the parking lot of his employer's place of business. The plaintiff claims that the accident occurred because of unsafe conditions purportedly created by an accumulation of pine needles, pine cones and other debris on the surface of the pavement.

At the time of the plaintiff's fall, the defendant John J. Wellner was the record owner of the premises, Shawmut's predecessor in interest, Gateway, held a mortgage on the premises, and Allstate Insurance Company was a commercial tenant. On September 7, 1993, six days before the plaintiff's fall, Gateway secured a judgment

of strict foreclosure with a law day for Wellner of September 28, 1993.

On August 30, 1995, the plaintiff filed this action against Wellner and Shawmut. Wellner failed to plead and subsequently was defaulted. On July 21, 1998, Shawmut filed a motion for summary judgment, claiming that its predecessor in interest did not have an ownership interest in the premises at the time of the plaintiff's fall and that Shawmut therefore could not be held liable as a matter of law. The plaintiff opposed the motion, arguing that it should be denied because there was a genuine issue of material fact as to Gateway's ownership interest and possession or control of the property on the date of the plaintiff's fall. In an affidavit opposing the summary judgment motion, the plaintiff asserted, inter alia, that the court on August 10, 1992, had appointed a receiver of rents for the premises and that pursuant to that order Gateway's permission was required to perform certain maintenance and other activities affecting the premises. The plaintiff thereafter filed a supplemental affidavit in which he attested that Gateway had taken out a liability insurance policy covering the premises in the amount of $1 million, which was in effect on the date of the plaintiff's fall, and that Wellner no longer was in possession or control of the premises on the date of the plaintiff's fall. On December 16, 1998, the court granted Shawmut's motion for summary judgment, finding that its predecessor in interest neither owned nor possessed nor controlled the premises on the date of the plaintiff's fall. This appeal followed.

"Our standard of review of a trial court's decision to grant a motion for summary judgment is well established. . . . Practice Book § 17-49 . . . requires that [t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material

fact and that the moving party is entitled to judgment as a matter of law." (Citation omitted; internal quotation marks omitted.) *Hryniewicz* v. *Wilson*, 51 Conn. App. 440, 443, 722 A.2d 288 (1999). "A 'material' fact is a fact that will make a difference in the result of a case." *River Dock & Pile, Inc.* v. *Ins. Co. of North America*, 57 Conn. App. 227, 231, 747 A.2d 1060 (2000).

"[T]he burden of showing the nonexistence of any material fact is on the party seeking summary judgment . . . ." (Internal quotation marks omitted.) *Hryniewicz* v. *Wilson*, supra, 51 Conn. App. 443. "It is not enough for the moving party merely to assert the absence of any disputed factual issue; the moving party is required to bring forward . . . *evidentiary facts*, or *substantial evidence outside the pleadings* to show the absence of any material dispute." (Emphasis in original; internal quotation marks omitted.) *Gambardella* v. *Kaoud*, 38 Conn. App. 355, 358, 660 A.2d 877 (1995).

Correspondingly, "the party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) *Hryniewicz* v. *Wilson*, supra, 51 Conn. App. 443–44. "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts in accordance with Practice Book (1998 Rev.) §§ 17-45 and 17-46 . . . which contradict those stated in the movant's affidavits and documents and show that there is a genuine issue for trial. If he does not so respond, summary judgment shall be entered against him." (Internal quotation marks omitted.) Id., 444. "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." (Internal quotation marks omitted.) *Norse Systems, Inc.* v. *Tingley Systems, Inc.*, 49 Conn. App. 582, 591, 715 A.2d 807 (1998).

"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits . . . ." Practice Book § 17-45. "Summary judgment should be denied where the affidavits of the moving party do not affirmatively show that there is no genuine issue of fact as to all of the relevant issues of the case." *Walker* v. *Lombardo*, 2 Conn. App. 266, 269, 477 A.2d 168 (1984).

"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) *Hryniewicz* v. *Wilson*, supra, 51 Conn. App. 443. "[T]he standards of summary judgment are strictly and forcefully applied." (Internal quotation marks omitted.) *Morascini* v. *Commissioner of Public Safety*, 236 Conn. 781, 809, 675 A.2d 1340 (1996). With these principles in mind, we proceed with our analysis.

The plaintiff's sole claim on appeal is that the court improperly granted Shawmut's motion for summary judgment because there is a genuine issue of material fact as to Gateway's ownership, possession or control of the premises on the date of the plaintiff's fall. The plaintiff argues that when the judgment of strict foreclosure entered six days before he fell on the premises, Gateway acquired a genuine ownership interest in the property, even if that interest was not yet absolute and unconditional, and that this interest was sufficient to impose liability for a defective and dangerous condition occurring on the premises. The plaintiff also argues that the court's "sweeping" order appointing a receiver of rents more than one year before he fell on the premises shifted control of the premises to Gateway and dispossessed Wellner, the owner of record.

Shawmut responds that no material facts have been placed in issue. It contends that Gateway did not have

an ownership interest in the premises at the time of the plaintiff's fall because absolute title does not vest in a mortgagee until the mortgagor fails to redeem by the law day, in this case fifteen days after the accident. Shawmut thus claims that Wellner remained the owner of the property for all intents and purposes until the passage of the law day without exercising his right of redemption. Shawmut further argues that the plaintiff's memoranda and affidavits contain conclusory statements only, and fail to cite any additional facts establishing that Gateway owned, possessed or controlled the premises on the date of the fall. Shawmut therefore claims that the court properly granted the motion for summary judgment as a matter of law.

Our Supreme Court has ruled that "[t]he term 'owner' is one of general application and includes one having an interest other than the full legal and beneficial title. . . . The word owner is one of flexible meaning, and it varies from an absolute proprietary interest to a mere possessory right. . . . It is not a technical term and, thus, is not confined to a person who has the absolute right . . . but also applies to a person who has possession and control . . . ." (Citations omitted; internal quotation marks omitted.) *Hope* v. *Cavallo*, 163 Conn. 576, 580–81, 316 A.2d 407 (1972). We also have noted that "[l]iability for a claimed injury due to . . . defective premises depends on possession and control and not on title." *Fernandez* v. *Estate of Ayers*, 56 Conn. App. 332, 335, 742 A.2d 836 (2000).

"The word 'control' has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee." (Citation omitted.) *Panaroni* v. *Johnson*, 158 Conn. 92, 98, 256 A.2d 246 (1969). "[T]he question of whether a defendant maintains control over property sufficient to subject him to . . . liability normally is a jury question." *State* v. *Tippetts-Abbett-*

*McCarthy-Stratton,* 204 Conn. 177, 185, 527 A.2d 688 (1987). "Where the evidence is such that the minds of fair and reasonable persons could reach . . . different conclusions on the question [of control], then the issue should properly go to the jury" for its determination. *Darling* v. *Burrone Bros., Inc.,* 162 Conn. 187, 192, 292 A.2d 912 (1972).

We initially conclude that the question of who possessed or controlled the premises on the date of the plaintiff's fall is a material fact that will make a difference in the outcome of this case. See *River Dock & Pile, Inc.* v. *Ins. Co. of North America,* supra, 57 Conn. App. 231. We also conclude, following a review of the record and briefs, that Shawmut has failed to meet its burden of bringing forward sufficient evidentiary facts or substantial evidence outside the pleadings to establish the absence of a material dispute as to Gateway's possession or control of the premises on the date of the plaintiff's fall. See *Gambardella* v. *Kaoud,* supra, 38 Conn. App. 358. Shawmut did not submit any supporting affidavits with its motion for summary judgment, as required by Practice Book § 17-45. Moreover, the facts on which Shawmut relies to support its claim, namely, the dates of the judgment of strict foreclosure, the plaintiff's fall and the law day, are cited for the purpose of denying ownership as a matter of law, not to establish the absence of a genuine issue regarding possession and control. See *Hope* v. *Cavallo,* supra, 163 Conn. 580–81.

The plaintiff, by contrast, has more than met his burden by presenting evidence that indicates the existence of a genuine issue between the parties. See Practice Book §§ 17-45 and 17-46. In his brief and in two affidavits objecting to Shawmut's motion, the plaintiff supported his contention that Gateway possessed or was in control of the premises by presenting evidence that the court-appointed receiver was obligated to secure Gateway's permission before undertaking numerous

activities affecting the premises. Such activities included making repairs costing more than $1500; initiating legal proceedings to protect the premises; prosecuting suits for the collection of rents; initiating proceedings for the removal of tenants; paying taxes, assessments, water charges, sewer rents and premiums on insurance policies; making payments on other mortgages on the premises; purchasing fuel for heating the premises; and supplying hot water to the tenants. In his supplemental affidavit, the plaintiff also attested that he had spoken to an employee of J. M. Layton & Company, Inc., who informed him that the company had issued to Gateway a liability insurance policy covering the premises in the amount of $1 million, thus indicating that Gateway recognized its dominion and control over the premises, and its potential liability as a mortgagee.

To further support his contention that Gateway controlled and possessed the premises, the plaintiff presented evidence to establish that the order appointing a receiver effectively dispossessed Wellner, the owner of record. The plaintiff pointed out that the order required Wellner to turn over all security deposits held on the property, enjoined him from collecting any rents or maintenance fees on the premises, enjoined him from interfering in any manner with the premises or its possession, and ordered him to deliver to the receiver all valid and existing leases and rent rolls, together with any and all other papers affecting the rental or other operation of the premises, which he or his agents might have in their possession. The plaintiff also noted that the order required all persons in possession of the premises without valid and existing leases or tenancies to surrender their possession to the receiver, and that no evidence was presented to suggest that Wellner had such a lease or tenancy.

Shawmut relies on *Hardy* v. *Shepard*, Superior Court, judicial district of Hartford-New Britain, Docket No. 940541387S (July 31, 1995) (14 Conn. L. Rptr. 515), for the proposition that Gateway was not liable as the owner of the premises because the accident occurred after the judgment of strict foreclosure entered but prior to the law day. The *Hardy* court, however, also considered the separate but even more significant question of whether the defendant had possession or control of the premises. Id. In *Hardy*, as distinguished from the present case, the court found inconsistencies and ambiguities in the plaintiff's testimony, and the plaintiff presented no affidavits, depositions or other documents to support her allegations that the defendant had possession or control of the premises. Id. Moreover, the plaintiff in *Hardy* offered no evidence, as the plaintiff did here, that the court had issued a detailed order appointing a receiver of rents to oversee the premises, and that the defendant's permission was required before expensive repairs and other activities affecting the premises could be performed. The *Hardy* court, therefore, found that the plaintiff had not produced sufficient evidence to support her allegations and thus concluded that there was no genuine issue as to the defendant's possession or control of the premises. Id. Here, our conclusion that the plaintiff has produced such evidence is compatible, not inconsistent, with *Hardy*.

Accordingly, after viewing the evidence in the light most favorable to the plaintiff, we conclude that the minds of fair and reasonable persons could reach different conclusions; see *State* v. *Tippetts-Abbett-McCarthy-Stratton*, supra, 204 Conn. 185; and that there is a genuine issue of material fact as to whether Shawmut's predecessor in interest possessed or controlled the premises on the date of the plaintiff's fall. See *Hryniewicz* v. *Wilson*, supra, 51 Conn. App. 443. "If the trial court grants a motion for summary judgment in the

mistaken belief that the factual predicate for that judgment is present, such action is clearly erroneous." (Internal quotation marks omitted.) *Walker* v. *Lombardo*, supra, 2 Conn. App. 269–70.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.