[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 8055
This dispute between a condominium developer and the town of Darien's Planning and Zoning Commission has spawned seven years of litigation, including an attempt by the plaintiff, Villager Pond, Inc., to persuade the Supreme Court of the United States to interest itself in the fate of two units in a 37 unit condominium development known as Villager Pond Condominium. The controversy is the subject of a decision by the United States Court of Appeals for the Second Circuit, Villager Pond, Inc. v.Town of Darien, 56 F.3d 375 (1995), cert. denied, 519 U.S. 808,117 S.Ct. 50, 136 L.Ed.2d 14 (1996), and by our Appellate Court in VillagerPond, Inc. v. Darien, 54 Conn. App. 178, 734 A.2d 1031 (1999).
As noted in the Appellate Court decision, the various claims pursued in the federal court system were all ultimately dismissed. Then the plaintiff commenced a new suit in 1997 in this court invoking General Statutes § 52-592, which permits a new suit within one year after a prior suit has been dismissed without a trial on the merits, and includes an action brought in the federal court. The trial court dismissed this new action in 1997 and the Appellate Court affirmed the dismissal in part and reversed it in part. In affirming one aspect of the trial court's dismissal, the Appellate Court decided that the "federal due process claims" could not be maintained under General Statutes § 52-592.Village Pond, Inc. v. Darien, supra, 54 Conn. App. 183. However, the case was remanded to this court "to consider whether jurisdiction exists pursuant to § 52-592 as to the federal takings and equal protection claims and the state due process, takings and equal protection claims." Id., 184.
The plaintiff applied in 1985 to the defendant Darien Zoning Commission (Commission) for a special permit to construct a number of condominium units. The Commission approved 37 units but stated that "No Certificates of Zoning Compliance or Certificates of Occupancy" would be issued to the plaintiff unless two "moderate income units" were transferred to the town of Darien. In July, 1988, the plaintiff signed an agreement by which one of the two units was "donated outright" to the town, and the other unit was purchased by the town for $90,000.
The plaintiff brought this suit in 1997 after its federal suit was dismissed, and it is now the subject of a motion (#114) for summary judgment filed by the defendants. The defendants first assert that the plaintiffs claims under the Connecticut Constitution and the Equal Protection clause of the Fourteenth Amendment to the United States or federal Constitution are barred by the three year statute of limitations for torts, General Statutes § 52-577. The defendants also contend CT Page 8056 that these Connecticut Constitution claims and the Equal Protection claim were not included in the prior federal action but could have been asserted and hence are barred by res judicata. The defendants also argue that the "takings" claim should have been the subject of an independent inverse condemnation action as approved in Cumberland Farms, Inc. v.Groton, 247 Conn. 196, 719 A.2d 465 (1998) ("the plaintiffs inverse condemnation action is not precluded by the existence of its pending administrative appeal from the adverse ruling of the board."), Id., 217-18, and that the time for the plaintiff to pursue such an action had expired as a result of General Statutes § 52-577.
The question in this summary judgment motion is whether any genuine issues of material fact exist. Practice Book § 17-49. Two things about this case are striking. The first is that there has never been a hearing on the merits of the plaintiffs claim that its deeding of the two units to the defendant town of Darien constituted "a clearly extortionate revocation of existing permits to extract property." The second is why the plaintiff did not pursue an administrative appeal under General Statutes §§ 8-8, 8-9, and an inverse condemnation action. Instead the plaintiff pursued what turned out to be a fruitless and lengthy venture into the federal court system when complete relief theoretically could have been achieved by bringing the two actions noted above in this court.
In any event, there are two outstanding issues that preclude summary judgment. The first is whether the condition imposed by the defendant Commission on the plaintiff with respect to the transfer of two "moderate income" condominium units was a legally permissible condition. The second issue, even if such condition was illegal, is whether the plaintiff voluntary acquiesced by signing an agreement and eventually deeding the two "moderate income" units to the defendant town of Darien. SeeTallmadge Bros, Inc. v. Iriquois Gas Transmission System. L.P.,252 Conn. 479, 746 A.2d 1277 (2000), for the effect of a contract between two sophisticated parties operating from positions of "relative equality." Id., 506.
These are genuine issues of material fact that require evidence in a hearing on the merits. Just last week the Appellate Court in Doty v.Shawmut Bank, 58 Conn. App. 427, ___ A.2d ___ (2000), reiterated the criteria for summary judgment by noting that "the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 431. The court also noted that the "burden of showing the nonexistence of any material fact is on the party seeking summary judgment. . . . It is not enough for the moving party merely to assert the absence of any disputed factual issue; the moving party is required to bring forward . . . evidentiary facts, or substantial evidence outside the pleadings to CT Page 8057 show the absence of any material dispute." Id., 430. Thus, this case cannot be resolved by way of summary judgment and the defendant's motion is denied.
So Ordered.
Dated at Stamford, Connecticut, this 10th day of July, 2000.
William B. Lewis, Judge