[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 13812
In the above entitled action, Janice Rudman and Cindi Wittman, two of the three defendants involved in this case, have filed a motion for summary judgment. Since a genuine issue of material fact exists regarding the plaintiff's premises liability against these two defendants, the defendants' motion for summary judgment is denied.
 I FACTS
The plaintiff, Jean Marie O'Connor, filed a complaint on December 18, 1998, against the defendants, Ida Rudman and her two daughters, Janice Rudman and Cindi Wittman. The plaintiff alleges that the defendants were negligent in the maintenance of their property after she slipped and fell on an icy sidewalk outside of the defendants' home.
On December 10, 1996, Ida Rudman transferred her interest in the property to her daughters by quitclaim deed, but reserved a life estate for herself. She also granted her daughters power of attorney.
The defendants filed an answer on February 18, 1999, denying all allegations and asserting a special defense of negligence by the plaintiff. On May 11, 2001, Janice Rudman and Cindi Wittman filed a motion for summary judgment. They argue that they do not owe a duty to the plaintiff because neither of them had control or possession of the premises at the time of her injury. They filed a memorandum of law in support of their motion for summary judgment.
On August 7, 2001, the plaintiff filed a memorandum of law in opposition to the motion for summary judgment. The plaintiff argues that the defendants had control of the premises through their future interest in the property as well as through their power of attorney.
 II DISCUSSION
"Practice Book . . . [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The CT Page 13813 party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law. `There can be no actionable negligence . . . unless there exists a cognizable duty of care. . . . Whether a duty of care exists is a question of law to be decided by the court.'" Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 660, 691 A.2d 1107 (1997), quoting Waters v. Autuori,236 Conn. 820, 826, 676 A.2d 357 (1996).
The defendants argue that they did not have control over the premises where the plaintiff was injured and, therefore, did not owe her a duty of care. The evidence submitted in support of the defendants' motion shows that on December 10, 1996, Ida Rudman transferred her interest in the property by quitclaim deed to her daughters, but reserved a life estate for herself. (Defendants' Memorandum, Exhibit B, Affidavit of Janice Rudman [J. Rudman Affidavit], ¶ 8.)
"A life tenant is bound to keep the land and the structures comprising the estate in as good repair as they were when he took them, not excepting ordinary or natural wear and tear. . . ." (Internal quotation marks omitted.) Zauner v. Brewer, 220 Conn. 176, 184-85, 596 A.2d 388
(1991). Moreover, the Connecticut Supreme Court discussed the duty of a life tenant in Smith v. Planning Zoning Board, 203 Conn. 317, 323,524 A.2d 1128 (1987). "The plaintiff's freehold estate is an estate for her own life. Her reserved life interest remains subject to her direction and control as long as she is alive. . . . Every life tenant ha[s] the right to the undisturbed possession of the land and to the income and profits derived from such land." Id.
It is well established that "[l]iability for an injury due to defective premises does not depend on title, but on possession and control." Farlowv. Andrews Corp., 154 Conn. 220, 225, 224 A.2d 546 (1966). "[T]he term `owner' is one of general application and includes one having an interest other than the full legal and beneficial title. . . . The word owner is one of flexible meaning, and it varies from an absolute proprietary interest to a mere possessory right. . . . It is not a technical term and, thus, is not confined to a person who has the absolute right . . . but also applies to a person who has possession and control. . . ." (Internal quotation marks omitted.) Doty v. Shawmut Bank,58 Conn. App. 427, 432, 755 A.2d 219 (2000). CT Page 13814
The defendants stipulated in their affidavits and certified deposition testimony that they did not live with their mother on the property and that at no time were they in control of the property. They were never responsible for maintenance or repairs. (J. Rudman Affidavit, ¶¶ 7, 8, 10, 11; Defendants' Memorandum, Exhibit C, Affidavit of Cindi Wittman [Wittman Affidavit], ¶¶ 7, 8, 10, 11, 12.) Although they had a future interest in the property, there is no evidence that the defendants had control over it at the time of the plaintiff's injury. Furthermore, Ida Rudman's certified deposition testimony states that she hired and paid a man to do maintenance work around the house when she was unable to do it herself. (Plaintiff's Memorandum, Exhibit B, Deposition of Ida Rudman [I. Rudman Deposition], pp. 19, 37.)
The plaintiff alleges in her complaint that all three of the defendants, Ida Rudman, Janice Rudman and Cindi Wittman, "owned, controlled and maintained [the] buildings and outside of [the] premises" of the property in question. (Complaint, ¶ 1.) "The word `control' has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee." (Internal quotation marks omitted.) Dotyv. Shawmut Bank, supra, 58 Conn. App. 432; see also Panaroni v. Johnson,158 Conn. 92, 98, 256 A.2d 246 (1969). The plaintiff argues that the defendants had the power "to manage, superintend, direct or oversee" their mother's property through their power of attorney. According to the deposition testimony of Janice Rudman, however, she was granted power of attorney with regard to her mother's health decisions. She testified that she was granted power of attorney "on the health." (Plaintiff's Memorandum, Exhibit C, Deposition of Janice Rudman [J. Rudman Deposition], pp. 16-17.) Janice Rudman also testified that she had no knowledge as to the limitation on the power of attorney. (J. Rudman Deposition, p. 17.) Moreover, she admitted that under the power of attorney, she would be allowed to manage her mother's affairs, but onlyif she was to become disabled and incapable of taking care of them herself. (J. Rudman Deposition, p. 18.)
In the case of LaFlamme v. Dallessio, 65 Conn. App. 1, ___ A.2d ___ (2001), the plaintiff sued the executor of an estate, which included property on which he was injured. The Appellate Court reasoned that "the power of possession, care and control granted to an executor under General Statutes [§ 45a-321] over real estate during the settlement of an estate is given only to protect the rights of creditors . . . and since it is so limited in purpose, it is properly exercised only when the exigencies of the estate so require." (Internal quotation marks omitted.) Id., 5-6. In this case, the actual power of attorney is not part of the record, so it is not clear what, if any, the limitations are. If the CT Page 13815 power of attorney was executed solely for the purpose of rendering health related decisions, then the defendants would not have the requisite control over the property to create premises liability. On the other hand, if the power of attorney has been executed with unlimited powers or directions, then the defendants could have the requisite control over the property that could subject them to premises liability. For example, with real estate transactions, "in a statutory short form power of attorney, the language conferring general authority shall be construed to mean that the principal authorizes the agent . . . to do any act of management or of conservation with respect to any estate or interest in land owned." General Statutes § 1-44. Furthermore, "a principal may delegate to an agent all that he himself can do except acts peculiarly personal or acts regulated by statute which are required to be performed personally." (Internal quotation marks omitted.) State v. Tedesco, 175 Conn. 279,287, 397 A.2d 1352 (1978). The defendants have not sufficiently met their burden of showing the absence of any genuine issue of material fact regarding the limitations on their power of attorney and, consequently, the extent of control and power they had over the premises. Therefore, the summary judgment motion is denied.
White, J.