[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs Linda Mingrone and William Mingrone have initiated the subject action for damages against the defendants Connecticut Post Mall, LLC and Dress Barn, Inc. The plaintiff Linda Mingrone claims she was injured on or about March 27, 1998 due to the negligence of the defendants when she "tripped and fell over a distinctive rise in the floor under the rug" in the dressing room area of the Dress Barn, Inc., which is located at the Connecticut Post Mall Connecticut Post Mall, LLC has moved for summary judgment asserting that it did not have possession or control over the premises where the injury is alleged to have occurred.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Scrapchansky v. Plainfield,226 Conn. 446, 450 (1993). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather, to determine whether any such issues exist. Cortes v. Cotton,31 Conn. App. 569, 575 (1993). [I]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Johnson v. Meehan, 225 Conn. 528,535 (1993). Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . .Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578 (1990)." (Internal quotation marks omitted.) Warner v. Lancia, 46 Conn. App. 150,158 (1997). See also Practice Book § 17-49. The test is whether a party would be entitled to a directed verdict on the same facts. Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105-106 (1994).
Liability for injuries caused by defective premises is based upon possession and control, not upon title. Farlow v. Andrews Corp.,154 Conn. 220, 225 (1966). See also Doty v. Shawmut Bank,58 Conn. App. 427, 432 (2000). "It is the possession of land that imposes the liability for injuries, rather the ownership of land . . . [because] the person in possession is in a position of control and is best able to prevent harm." D. Wright, T. Fitzgerald and W. Ankerman, Connecticut Law of Torts, Section 46, at 108 (1991). "Control" with respect to premises refers to "the power or authority to manage, superintend, direct or CT Page 14647 oversee." Panaroni v. Johnson, 158 Conn. 92, 98 (1969). Where the owner has leased the premises to another, the issue of who has control over the premises can best be determined by the intent of the parties as expressed in the terms of the lease. Martel v. Malone, 138 Conn. 385, 388-89
(1951). Where the lease does not definitively or expressly resolve the issue of control, the actual use of the premises and the attendant circumstances surrounding its use as well as evidence of who undertook to make repairs become relevant to the issue of control. Panaroni v.Johnson, supra, 158 Conn. 99.
In support of its motion for summary judgment, Connecticut Post Mall, LLC submitted an affidavit from Patrick Madden, its General Manager. In his affidavit, Madden stated that the Connecticut Post Mall leased the premises where the plaintiff Linda Mingrone allegedly fell to the defendant Dress Barn, Inc. The lease between Connecticut Post Mall, LLC and Dress Barn, Inc. provided that Dress Barn, Inc. as the tenant was responsible for maintaining in good condition and repair the leased premises, specifically including the floors. Madden further stated that Connecticut Post Mall, LLC did not perform maintenance activities or make repairs to the dressing room area where the plaintiff Linda Mingrone allegedly fell.
The plaintiffs contend that there exists a genuine issue of material fact as to whether the defendant Connecticut Post Mall, LLC was in control of the defective premises. The plaintiffs point to two provisions in the lease between the defendants as support for their position. Section 10.01 of the lease imposes on Connecticut Post Mall, LLC the obligation to maintain the foundation of the leased premises in good repair. The plaintiffs argue that section 6.01 provides that the tenant shall not make any alterations, additions or improvements to the premises, including installing any floor covering, without the prior written approval of the landlord.[1]
The plaintiffs claim that since the plaintiff Linda Mingrone tripped and fell over a distinctive rise in the floor under the rug in the dressing room area it may well be that a defect in the foundation caused the rise in the floor. The plaintiffs also assert that a defect in the floor covering could have contributed to the fall. They argue that, since Connecticut Post Mall, LLC was responsible under the lease for the foundation and for approving any changes to the floor coverings, a jury could find that it had control over the defective premises.
The fatal flaw in the plaintiffs' position is that they have produced not a scintilla of evidence that there was a defect in the foundation or an alteration to the floor covering or, if either did exist, that they contributed to this accident. In fact, the plaintiffs admit in their CT Page 14648 objection to the motion for summary judgment that they do not know what part, if any, a defect in the foundation or what part, if any, the selection of floor covering played in the fall of the plaintiff Linda Mingrone.[2]
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks and citations omitted.) Water Way Properties v. Colt's Mfg. Co., 230 Conn. 660, 664
(1994). The plaintiffs have produced no evidence indicating that the foundation or any alteration of the floor covering, those portions of the defective premises over which the defendant arguably maintained control, contributed in any way to the accident. They are plainly speculating that the foundation or a change in floor covering may have contributed to the accident. "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment."Doty v. Shawmut Bank, supra, 58 Conn. App. 430.
In light of the above, the defendant Connecticut Post Mall, LLC has shown that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment of the defendant Connecticut Post Mall, LLC is hereby granted.
BY THE COURT
Judge Jon M. Alander