[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The following facts and procedural history are relevant to the Court's decision. The plaintiff, Laurene Boulton, filed a single count complaint against the defendants, The Total Look, Marie Giamei, Joseph Giamei and Lina Giamei on July 26, 1999. This action arises out of injuries and damages allegedly sustained in a tanning salon known as The Total Look (Total Look).
Total Look is owned and operated by Marie Giamei and located in a building owned by Joseph and Lina Giamei. The plaintiff's injuries were allegedly sustained when she collapsed and hit her face on the floor after CT Page 508 attempting to get out of a tanning bed that was located in the salon. In her complaint, the plaintiff alleges negligence on the part of the defendant, its agents, servants and/or employees.
On September 22, 1999, the plaintiff filed a revised two count complaint. In the first count, against Total Look and Marie Giamei, the plaintiff alleges carelessness and negligence in failing to keep the temperature in the room where the tanning bed was located at a safe level; in keeping the room where the tanning bed was located without the doors cut so as to provide for adequate ventilation; and in failing to warn the plaintiff that she might become extremely hot and/or become lightheaded or ill while using the tanning bed. In the second count of the complaint, against Joseph Giamei and Lina Giamei, the plaintiff alleges carelessness and negligence in keeping the tanning bed in an enclosed room without adequate ventilation; in keeping the tanning bed in a room without having the doors cut so as to provide for proper ventilation; and in failing to warn the plaintiff that she might feel hot and/or become lightheaded while using the tanning bed.
On May 1, 2000, the defendants, Joseph and Lena Giamei, filed a motion for summary judgment as to the second count of the plaintiff's complaint on the ground that they owe no duty to the plaintiff for her alleged injuries. This motion was denied without prejudice in order to allow the parties to schedule depositions. On February 14, 2001, the defendants filed a memorandum in support of the motion for summary judgment. The plaintiff filed a memorandum in opposition to the motion for summary judgment on March 22, 2001. The defendants filed a reply to the plaintiff's objection to the motion for summary judgment on August 9, 2001.
 DISCUSSION
"The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled CT Page 509 to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board ofEducation, 254 Conn. 205, 209, 757 A.2d 1059 (2000). "A `material fact' . . . [is] a fact which will make a difference in the result of the case." Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v.Southern New England Telephone Co., 44 Conn. App. 657,660, 691 A.2d 1107 (1997)
 A.
The defendants claim that they had completely demised the premises in question to the co-defendant, Marie Giamei, and hence they were merely landlords of the building where Total Look was located. The defendants further argue that liability for defective premises is not based upon title but on possession and control. They claim that the word "control" refers to the power or authority to manage, superintend, direct or oversee and maintain.
The defendants assert that they did not possess or control the premises in question because they had no agreement with the co-defendant, Marie Giamei, regarding possession or control of the premises where the plaintiff was injured.
Finally, the defendants argue that because they did not control the premises in question, they owed no duty to the plaintiff at the time of her injury and their motion for summary judgment should be granted.
In her memorandum in opposition to the motion for CT Page 510 summary judgment, the plaintiff argues that the word control has no technical or legal meaning but refers to the power or authority to manage, superintend, direct or oversee. The plaintiff argues that the defendant, Joseph Giamei, undertook to make structural alterations to the premises and that repairs to the premises were his responsibility. Therefore, the plaintiff claims that the defendant either created the defective condition that caused the plaintiff's injury, or he had sufficient possession and control over the premises to be liable to the plaintiff.
"Connecticut subscribes to the common-law view that a landlord is under no obligation or liability to the tenant for personal injuries due to the defective condition of the demised premises or the lack of repair of defects therein in the absence of an agreement, express or implied to the contrary. . . . One of the many exceptions to this rule, however, is where the landlord retains control of a portion of the demised premises. In such a case the landlord must use reasonable care to keep that portion of the premises in a reasonably safe condition. . . ." (Internal quotation marks omitted.) Mack v. LaValley, 55 Conn. App. 150,162, 738 A.2d 718, cert. denied, 251 Conn. 928, 742 A.2d 363
(1999)
In the present case, Lena Giamei and Joseph Giamei aver, in their respective affidavits, that they exercised no possession, dominion or control over the premises in question. (Defendants' Affidavits, ¶ 8, 9.) "Affidavits containing self-serving and unsubstantiated allegations need not be viewed as persuasive by the court." Rodriguez v. Massalski, Judicial District of New Britain at New Britain, Docket No. 504550, (July 2, 2001, Shapiro, J.), citing2830 Whitney Avenue Corp. v. Heritage Canal DevelopmentAssociates, Inc., 33 Conn. App. 563, 568, 636 A.2d 1377
(1994). A review of the record reveals that the defendants have "failed to meet [their] burden of bringing forward sufficient evidentiary facts or substantial evidence . . . to establish the absence of a material dispute as to [their] possession or control of the premises on the date of the plaintiff's fall." Dotyv. Shawmut Bank, 58 Conn. App. 427, 433, 755 A.2d 219
(2000) CT Page 511
Furthermore, by way of averring that they had no control over the premises in question, the defendants aver that the space occupied by Total Look was completely demised without restriction, pursuant to an oral lease with the store and with its operator, Maria Giamei. (Defendants' Affidavits, ¶ 5). "Liability for a claimed injury due to a defective premises depends on possession and control and not on title." Fernandezv. Estate of Fred Ayers, 56 Conn. App. 332, 335,742 A.2d 836 (2000). "[W]hether control of the premises has been retained by the lessor is best determined by the intent of the parties as expressed in the terms of the lease." (Internal quotation marks omitted.) RongJian Pan v. Brennan Associates, Judicial District of Fairfield at Bridgeport, Docket No. 356818 (November 20, 2000, Melville, J.). "In many circumstances, the nature of the relationship between the parties may raise a legitimate factual issue as to control of the premises." Hobart v. McDonald's Restaurant ofConnecticut, Judicial District of New Haven at Meriden, Docket No. 263193 (July 19, 1999, Beach, J.). "Where the evidence is such that the minds of fair and reasonable persons could reach . . . different conclusions on the question [of control], then the issue should properly go to the jury for its determination." (Brackets in the original; internal quotation marks omitted.) Doty v.Shawmut Bank, supra, 58 Conn. App. 433.
 CONCLUSION
Accordingly, because material questions of fact remain to be decided, the defendants' motion for summary judgment is denied.
HOLDEN, J.