[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
The Defendant, City of West Haven, has moved for a summary judgment on the ground that there is no genuine issue of material fact and it is entitled to judgment as a matter of law because: (1) West Haven is not obligated to provide underinsured motorist coverage for an authorized emergency vehicle; and (2) the third party tortfeasor is not underinsured.
This case was commenced by Gary Hunt, a West Haven police officer, seeking underinsured motorist benefits from the City of West Haven, Coregis Insurance Company, and New London County Mutual Insurance Company (NLC). This action stems from a motor vehicle accident which occurred on January 29, 1999, in which Hunt sustained personal injuries when his patrol car was struck by another vehicle operated by Patricia Sullivan. Hunt settled with Sullivan for the policy limits of Sullivan's automobile insurance coverage.
On January 15, 2002, Hunt filed a two-count second amended complaint. Count one is brought against West Haven and Coregis, seeking underinsured CT Page 9020 motorist benefits under an automobile liability policy issued to West Haven by Coregis. Count two is brought against NLC, Hunt's insurer, seeking underinsured motorist benefits.
On July 17, 2001, West Haven moved for summary judgment on the ground that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law because: (1) it is not required to provide underinsured motorist coverage for a police cruiser, an authorized emergency vehicle; and (2) Sullivan, the third party tortfeasor, was not underinsured.[1] In support of its motion, West Haven has filed: a copy of the police report from the accident, which fails to include a signature of the preparer; a sworn affidavit from Deputy Chief Ron Quagliani; a sworn affidavit from Sandra Lorusso, the risk manager for West Haven; a copy of a sworn affidavit from Sullivan; and an unauthenticated copy of a release signed by Hunt.
On January 18, 2002, Hunt filed a memorandum of law in opposition to West Haven's motion for summary judgment. In support of his memorandum of law, Hunt submitted: an unauthenticated, unsigned copy of an insurance policy issued to West Haven by Coregis; the sworn affidavit of Hunt with the police cruiser's title and registration attached thereto; and an unauthenticated copy of a memo from Sandra Lorusso, West Haven's risk manager. NLC also filed a memorandum in opposition to West Haven's motion for summary judgment.
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide anevidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Brackets in original; emphasis in original; internal quotation marks omitted.) Mytych v. May Dept. Stores Co., 260 Conn. 152,164 n. 8, ___ A.2d ___ (2002). "As the party moving for summary judgment, the [defendant] is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1v. Insurance Co. of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122
(1995). Practice Book § 17-45 provides that "[a] motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. . . . The adverse party shall . . . file opposing affidavits and other available documentary evidence." "Summary judgment should be denied where the affidavits of the moving party do not affirmatively show that there is no genuine issue of fact as to all of the relevant issues of the case." (Internal quotation marks omitted.) Doty v. Shawmut Bank,58 Conn. App. 427, 431, 755 A.2d 219 (2000). "If a moving party's papers CT Page 9021 are insufficient to discharge his burden of showing that no material fact is genuinely in issue, the opposing party does not have to produce contravening material." Walker v. Lombardo, 2 Conn. App. 266, 269,477 A.2d 168 (1984).
General Statutes § 38a-336 (a)(1) provides in relevant part: "Each automobile liability insurance policy shall provide insurance, herein called uninsured and underinsured motorist coverage, in accordance with the regulations adopted pursuant to section 38a-334. . . ." Section 38a-334
(a) sets out the types of vehicles which must carry underinsured motorist coverage. The statute provides, "private passenger motor vehicles, as defined in subsection (e) of section 38a-363" must be covered by underinsured and uninsured motorist insurance. General Statutes §38a-334 (a). A private passenger motor vehicle is defined as a: "(1) private passenger type automobile; (2) station-wagon-type automobile; (3) camper-type motor vehicle; (4) high-mileage-type automobile, as defined in section 14-1; (5) truck-type motor vehicle with a load capacity of fifteen hundred pounds or less, registered as a passenger and commercial motor vehicle, as defined in said section, or used for farming purposes; or (6) a vehicle with a commercial registration, as defined in subdivision (12) of said section. It does not include a motorcycle or motor vehicle used for public or livery conveyance." General Statutes § 38a-363 (e).
West Haven argues that a police cruiser is not the type of vehicle that is required to carry underinsured motorist coverage. Specifically, West Haven contends that because the police cruiser is an "authorized emergency vehicle," as defined by General Statutes § 14-1 (a)(4)[2]
it is not a "private passenger motor vehicle," thus the police cruiser is not required to carry underinsured motorist insurance.
Hunt counters that the definitions of "authorized emergency vehicle" and "private passenger motor vehicle" are mutually exclusive. Hunt also argues that a police cruiser is a private passenger motor vehicle for purposes of General Statutes §§ 38a-334 (a) and 38a-363 (e)(1) because it is a "private passenger type automobile."
It is the conclusion of the court that West Haven has not met its burden of demonstrating that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law because it has not presented evidence to establish that the police cruiser is the type of vehicle that is exempt from carrying underinsured motorist insurance. It is noted that the court is limited to the sworn affidavit from Deputy Chief Quagliani, in which Quagliani avers that the car involved in the accident was a "1995 Ford" and that it is a "City of West Haven police cruiser." (West Haven's Memorandum in Support of its Motion for Summary CT Page 9022 Judgment, Exhibit 2, p. 1.) It cannot be determined, based on Quagliani's affidavit, however, whether the police cruiser is the type of vehicle that must be covered by underinsured motorist insurance. It is therefore the Court's decision that West Haven has not met its burden of showing that it is entitled to summary judgment as a matter of law as to this issue. Doty v. Shawmut Bank, supra, 58 Conn. App. 431.
West Haven also moves for summary judgment on the ground that there is no genuine issue of material fact and it is entitled to a judgment as a matter of law because Sullivan was not underinsured. West Haven argues that it is a self-insurer and as such is able to claim the statutory minimum of $20,000 for underinsured motorist coverage. West Haven contends that Sullivan was sufficiently insured because the limits of her automobile insurance coverage exceeded the statutory minimum.
General Statutes § 14-129 (a) provides: "Any person in whose name more than twenty-five motor vehicles are registered may qualify as a self-insurer by obtaining a certificate of self-insurance issued by the commissioner as provided in subsection (b) of this section." Section 14-129
(b) provides: "The commissioner may, in his discretion, upon the application of such person, issue a certificate of self-insurance when he is satisfied that such person is possessed and will continue to be possessed of ability to pay judgments obtained against such person."
The court cannot reach the issue of whether Sullivan was underinsured because West Haven has failed to meet its burden of establishing the absence of any genuine issue of material fact. West Haven has not submitted any evidence to establish that it is self-insured. The only evidence that West Haven offers is the sworn affidavit of Sandra Lorusso, West Haven's risk manager, who avers that West Haven is a self-insured entity and that its policy was not reduced to writing. Lorusso admits, however, that West Haven had not filed any documentation with the insurance commissioner. Additionally, West Haven has not submitted its certificate of self-insurance, which, pursuant to General Statutes § 14-129 (b), is issued by the insurance commissioner "when he is satisfied that such person is possessed and will continue to be possessed of the ability to pay judgments obtained against such person." It is therefore concluded that because West Haven has not provided evidence that it is self-insured, there remains a genuine issue of material fact as to this issue. Doty v. Shawmut Bank, supra,58 Conn. App. 431.
For the reasons stated above, West Haven's motion for summary judgment in denied.
BY THE COURT CT Page 9023
Gilardi, J.