[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This is a Motion for Summary Judgment. The following facts and procedural history are relevant to the court's decision.
On July 2, 2001, the plaintiff, Raymond Molett, filed a negligence claim against the defendants, H.M.P. Industries, Inc. (H.M.P.) and Kensco, Inc. doing business as Tubs Stuff (Kensco).[1] This two-count complaint alleges that on June 23, 1999, Molett was injured as he was departing a piece of commercial/industrial property owned by H.M.P. and leased to Kensco. This property is located on Hershey Drive in Ansonia, and Molett had come onto the premises to frequent Kensco's store. The complaint alleges that while departing the premises, "the vehicle in which [Molett] was a passenger suddenly dropped from the pavement" causing Molett to sustain injuries. The first count alleges that H.M.P. knew or in the exercise of reasonable care should have known of the dangerous condition, yet made no attempt to remedy it or warn others of it. The second count alleges that Kensco also knew or in the exercise of reasonable care should have known of the dangerous condition, yet made no attempt to remedy it or warn others of it.
On January 17, 2002, Kensco filed an answer. On February 15, 2002, Kensco filed the present motion for summary judgment as to count two of the complaint on the ground that Kensco owed no duty to Molett because it did not have possession and control of the area in which Molett claimed CT Page 10412 to have sustained his injuries. In support of its motion, Kensco filed the affidavit of Kenneth Shortell, Kensco's president; a copy of the lease between Kensco and its landlord, John Frey;[2] and also a memorandum of law. On March 1, 2002, Molett filed an objection to Kensco's motion for summary judgment. In support of its motion, Molett filed his own affidavit, as well as a memorandum of law.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Mytychv. May Department Stores, 260 Conn. 152, 158, 793 A.2d 1068 (2002). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Brackets in original; internal quotation marks omitted.) Id., 164 n. 8.
"[L]iability for a claimed injury due to . . . defective premises depends on possession and control and not on title." Doty v. ShawmutBank, 58 Conn. App. 427, 432, 755 A.2d 219 (2000). The Connecticut Supreme Court "has defined control as the power or authority to manage, superintend, direct or oversee." (Internal quotation marks omitted.)Alderman v. Hanover Ins. Group, 169 Conn. 603, 606, 363 A.2d 1102 (1975). "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant [breached] that duty in the particular situation at hand." (Internal quotation marks omitted.) Gomes v. Commercial Union Ins. Co.,258 Conn. 603, 614, 783 A.2d 462 (2001).
Kensco argues that it did not owe Molett a duty of care because it did not possess and control the area in which Molett allegedly sustained injuries. Molett argues in opposition that a question of fact still remains as to what exactly was demised to Kensco under the lease, and which exact areas surrounding the demised premises Kensco was under a duty to maintain and repair.
According to the lease, Kensco was demised property described as "consist[ing] of a portion of the Hershey Metal Products industrial building which is 8,400 square feet in size in that building. The entire building is 66,800 square feet in size. The specific area demised is delineated, by outlining in red, on a map of said building entitled "HERSHEY METAL PRODUCTS, Hershey Drive, Ansonia, Conn., Scale 3/32 = 1'-0" dated May 31, 1989 which map is incorporated herein by reference." CT Page 10413 (Kensco's Memorandum, Exhibit B: Lease, Schedule A.) Kensco did not, however, attach the map with the lease. Paragraph eight of the lease, entitled "Liability of Landlord," states: "The Landlord shall not be responsible for the loss of or damage to property or injury to persons, occurring in or about the demised premises, by reason of any existing or future condition, defect, matter or thing in said demised premises or the property of which the premises are a part, or for the acts, omissions or negligence of other persons or tenants in and about the said premises. The Tenant agrees to indemnify and save the Landlord harmless from all claims and liability for losses of or damage to property, or injuries to persons occurring in or about the demised premises." (Kensco's Memorandum, Exhibit B: Lease, ¶ 8.)
Kensco has failed to meet its burden of establishing that there are no genuine issues of material fact. There is no indication of what constitutes "in and/or about" the premises as used in paragraph eight of the lease. Accordingly, a genuine issue of material fact still exists as to whether Kensco had control of the area in which Molett claims to have sustained his injuries. Kensco's motion for summary judgment is denied.
 ___________________ HOLDEN, JUDGE