[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
This case arises out of events that occurred on December 3, 1997, at a plant owned by the defendant, Sikorsky Aircraft Corporation (Sikorsky), in Stratford, Connecticut. According to the complaint, the plaintiff, Jeffrey Linsky,[1] an employee of Industrial Riggers, Inc. (Industrial Riggers), fell and was injured while working on a renovation project at the plant. Industrial Riggers was a contractor hired to perform specific duties as a part of the renovation. In addition to Industrial Riggers, other contractors, including the defendant, Nettleton Hollow Plumbing Heating Co. (Nettleton), were performing work in the area at the time the accident occurred.
The accident allegedly occurred around 4:30 p. m. when, a Sikorsky employee caused a freon gas leak in the area of the renovation, and the room filled with freon gas requiring immediate evacuation. The plaintiff was allegedly injured as he attempted to evacuate the room, when he caught his leg on debris left in the work area, causing him to fall.
The plaintiff filed a four count amended complaint on May 19, 2000. For present purposes, the relevant counts are those alleging negligence against Sikorsky (count one) and Nettleton (count two). Sikorsky subsequently filed an amended cross claim against Nettleton on May 24, 2002.
Nettleton moves for summary judgment on count two on the grounds that there are no genuine issues of material fact, and it is entitled to judgment as a matter of law because the undisputed facts warrant judgment in its favor. Nettleton argues that it did not have a duty to the plaintiff as an employee of a fellow subcontractor when its own employees were no longer on the worksite, and because any debris left in the worksite area was not under its control. Nettleton also claims that it could not have been the proximate cause of the plaintiffs injury because CT Page 12924 Sikorsky admitted that it had possession and control of the area. In support of its motion, Nettleton submits (1) an industrial security report (Exhibit A); (2) a purchase order between Sikorsky and itself (Exhibit B); (3) an affidavit by Scott St. Germain, project foreman (Exhibit C); and (4) a portion of the plaintiff's deposition (Exhibit D).[2]
The plaintiff argues that there are issues of material facts regarding Nettleton's liability and as to whether its negligence proximately caused the plaintiff's injuries. The plaintiff submits (1) portions of his deposition (Exhibit A); (2) a purchase order between Sikorsky and the plaintiff (Exhibit B); and (3) Sikorsky facilities department's general terms and conditions for subcontractors (Exhibit C).
Sikorsky also opposes Nettleton's motion for summary judgment, claiming that Nettleton had contractual duties relating to debris and precautionary measures pursuant to Sikorsky's general terms and conditions. Sikorsky also disputes Nettleton's claim that it could not have been the proximate cause of the plaintiff's injury.
 DISCUSSION
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Gaynor v.Payne, 261 Conn. 585, 590-91, ___ A.2d ___ (2002). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1968). "A material fact . . . [is] a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) H.O.R.S.E. of Connecticut,Inc. v. Washington, 258 Conn. 553, 560, 783 A.2d 993 (2001).
Nettleton argues that it did not have a duty to a fellow subcontractor because its employees were no longer at the site at the time the plaintiff was injured. Nettleton contends that it did not have control CT Page 12925 over equipment or debris at the time and that the plaintiff offers no evidence to the contrary. In support of these assertions, Nettleton offers the affidavit of Scott St. Germain, project foreman, in which he attests that Nettleton's employees were not on the job at 4:30 p. m. on the day in question, and had cleaned up the work area before leaving. (Nettleton's memorandum, Exhibit C, Affidavit of Scott St. Germain, ¶ 6.) Further, Nettleton contends that Sikorsky admits that it had possession and control of the area in paragraphs seven and eight of its answer and special defense dated February 21, 2001. Finally, Nettleton contends that Sikorsky was the proximate cause of the plaintiff's injury because its employee caused the gas leak.
The plaintiff and Sikorsky both argue that genuine issues of material fact exist as to the question of duty, control and causation. They argue that paragraphs twelve (accident prevention) and fifteen (removal of debris, cleaning etc.) of Sikorsky's general terms and conditions, establish that Nettleton had a contractual duty to the plaintiff to maintain the work site in a manner that would prevent accidents and to remove any debris from the area. (Plaintiff's memorandum, Exhibit C, ¶¶ 12, 15.) According to these provisions, the
contractor is required to exercise proper care and safety precautions, and shall be responsible for all injuries and damages to persons which may occur as the result of their work (¶ 12) and shall, periodically, remove and dispose of debris and keep project area and public rights of way reasonably clear (¶ 15). In addition, they offer the deposition testimony of the plaintiff, in which he testified that debris had been left in the area where he was working at the time of the accident. (Plaintiff's memorandum, Exhibit A, Deposition of Jeffrey Linsky, p. 37.) They also argue that regardless of whether another party was negligent, Nettleton's negligence could also have been the proximate cause of the plaintiff's injury and therefore summary judgment is not appropriate.
"Liability for injuries caused by defective premises . . . does not depend on who holds legal title, but rather on who has possession and control of the property." LaFlamme v. Dallessio, 261 Conn. 247, 251,___ A.2d ___ (2002). "[I]f the terms of control are not express between the parties, the question of who retains control over a specific part of the property is an issue of fact and a matter of intent that can be determined only in light of all the relevant circumstances." Id., 257. "Where the evidence is such that the minds of fair and reasonable persons could reach . . . different conclusions on the question [of control], then the issue should properly go to the jury for its determination." (Internal quotation marks omitted.) Doty v. Shawmut Bank, 58 Conn. App. 427, 433, CT Page 12926755 A.2d 219 (2000) "The word control has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee. . . . [T]he question of whether a defendant maintains control over property sufficient to subject him to . . . liability normally is a jury question." (Citation omitted; internal quotation marks omitted.) Id., 432.
Nettleton's evidence, in the form of an affidavit by one of its employees, that its employees had cleaned the work area and were not working the area at the time of the accident is insufficient to establish that it did not have a duty, control, or that its actions were not a proximate cause of the injury to the plaintiff. The evidence indicates that Nettleton had a contractual duty regarding clean up and safety measures, and that debris that was left in the work area could have been Nettleton's responsibility. In viewing the evidence most favorable to the nonmoving parties as required, unresolved material questions of fact remain in dispute.
The nonmovants are also correct in arguing that an injury can be caused by more than one factor. "[M]ore than one proximate cause may result in any harm suffered." (Internal quotation marks omitted.) Fleming v.Garnett, 231 Conn. 77, 85, 646 A.2d 1308 (1994). "The issue of proximate causation is ordinarily a question of fact for the trier. . . . Conclusions of proximate cause are to be drawn by the jury and not by the court." (Citation omitted; internal quotation marks omitted.) Trzcinskiv. Richey, 190 Conn. 285, 295, 460 A.2d 1269 (1983)
Furthermore, "[s]ummary judgment procedure is especially ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . [T]he conclusion of negligence is necessarily one of fact. . . ." (Citations omitted; internal quotation marks omitted.)Spencer v. Good Earth Restaurant Corp., 164 Conn. 194,198-99, 319 A.2d 403 (1972). Accordingly, the court denies Nettleton's motion for summary judgment. Questions of fact relating to duty, control, and causation of the plaintiff's injury are undetermined.
 CONCLUSION
For the foregoing reasons, the motion for summary judgment is denied.
___________________, J. GALLAGHER CT Page 12927