[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT (#109)
In this case, the plaintiff Roxanne Michalak alleges that, on April 23, 1998, she sustained personal injury when her right foot buckled as she was walking on a concrete sidewalk adjacent to the entrance of a Tommy K's video store in a commercial property located at 26 Pershing Drive in Ansonia, Connecticut. The defendant Tommy K's has moved for summary judgment claiming it had no duty to the plaintiff because the co-defendant DSA Corporation ("DSA"), the owner and lessor of the commercial premises, retained the duty to maintain the sidewalk by virtue of lease agreement with Tommy K's. In support of its motion, Tommy K's has filed, among other documents, a copy of the lease agreement in existence on April 23, 1998.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820
(1998). The moving party has the burden of demonstrating the absence of a genuine issue of material fact, but the party opposing the motion must provide evidence to demonstrate the existence of such an issue. Appletonv. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000); Maffucciv. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15
(1998).
"In order to surmount a motion for summary judgment, a party must demonstrate that there exists a genuine issue of material fact. . . . Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred. . . . A material fact is one that will make a difference in the result of the case. . . . To establish the existence of a material fact, it is not enough for the CT Page 13210 party opposing summary judgment merely to assert the existence of a disputed issue. . . . Such assertions are insufficient regardless of whether they are contained in a complaint or a brief. . . . Further, unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact. . . . (Internal citations omitted)." New Milford Savings Bank v. Roina, 38 Conn. App. 240,244-45, 659 A.2d 1226 (1995).
Although the plaintiff claims, in her memorandum in opposition to the motion for summary judgment, that the question of control over the sidewalk in front of Tommy K's is a contested factual issue, she has failed to provide any documentary or other evidence to demonstrate that such dispute exists. Under the common law and by statute, landlords generally retain control and responsibility to maintain common areas in leased premises. See generally, State v. Losacco, 12 Conn. App. 172,177, 529 A.2d 1348 (1987); General Statues § 47a-7 (a) (3). While "[l]iability for a claimed injury due to a defective premises depends on possession and control, and not on title, Fernandez v. Estate of FredAyers, 58 Conn. App. 332, 335, 724 A.2d 836 (2000); and while possession and control are normally questions of fact, Doty v. Shawmut,58 Conn. App. 427, 432, 755 A.2d 219 (2000), if a landlord has retained control over an area by virtue of a lease agreement there is no factual question to be resolved. See Panaroni v. Johnson, 158 Conn. 92, 98,256 A.2d 246 (1969).
In the lease entered into between the defendants Tommy K's and DSA, the premises demised to Tommy K's consist of a ground floor store only. Lease Agreement, ¶ 1.1. Furthermore, the lease specifically provides that the "[l]essor will be responsible for common area maintenance" which specifically includes "cleaning and general maintenance of parking lot" and "maintenance of common area." Id., ¶¶ 3.2 (c) and (e). Under the terms of this lease, the landlord was responsible for maintenance of the area in which the plaintiff alleges she was injured.
Accordingly, the motion for summary judgment of the defendant Tommy K's video store is granted and judgment shall enter in its favor against the plaintiff.
LINDA K. LAGER, JUDGE CT Page 13211